## ELNORA EVERETT v. S. A. AKINS, *Sheriff*.

(Filed Feb. 11, 1899.)

1. TRIAL—*Verdict—Judgment Conclusive.* Where a question of fact is submitted to the jury, and there is competent evidence tending to establish such fact, the verdict of the jury and the judgment of the court thereon are conclusive.

2. SAME—*Replevin.* In an action in replevin, where an issue of fact is submitted to the jury and a verdict returned thereon, the judgment of the court should be rendered according to the verdict of the jury, and in conformity therewith.

3. VERDICT—*Excessive—Remittitur.* A *remittitur* entered of a portion of the verdict, before judgment, resulting from the admission of incompetent testimony as to the value of the wheat, cures the error.

4. INSTRUCTIONS—*Not Reviewed, When.* This court will not review the instructions given by the district court to the jury, unless the instructions were duly excepted to at the time of the trial.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before A. G. C. Bierer, District Judge.*

*H. A. Johnston* and *Lane B. Osborn,* for plaintiff in error.

*A. Duff Tillery,* for defendant in error.

Action by Elnora Everett against S. A. Akins, sheriff of Noble county.    Judgment for defendant.    Plaintiff brings error.    Modified and remanded.

Opinion of the court by

Hainer, J.: This was an action in replevin commenced in the district court of Noble county on the 12th day of July, 1897, by the plaintiff in error, against the defendant in error, to recover the possession of certain wheat and cotton, levied upon by the defendant in error, as sheriff of said county, under and by virtue of a certain execution issued out of the district court of Noble county, to satisfy a judgment of $449.66 in favor of one C. B. Rouss against T. C. Everett, husband of the plaintiff in error.    The case was tried by a jury, and the following verdict returned:

"We, the jury impaneled and sworn to try the issues in the above-entitled cause, do, upon our oaths, find that the plaintiff is entitled to all the cotton and the two hundred bushels of wheat raised on the Holmes place, and that the defendant is entitled to the 400 bushels of wheat raised on the Everett place, at 75 cents per bushel, minus $70.00, the amount paid by Mrs. Everett for harvesting, threshing, and seed. Total amount for defendant ($230.00,) two hundred and thirty dollars."

Motion for a new trial was filed by the plaintiff, and, after being duly considered, the court set aside that part of the verdict giving the plaintiff $70.00, and the defend-

ant remitted 25 cents on the bushel of said 400 bushels of wheat, which included the reduction of the $70.00, leaving the value of the wheat at $200; and thereupon the court overruled the plaintiff's motion for a new trial, to which the plaintiff duly excepted. Judgment was then rendered by the court that the plaintiff have and recover the 200 bushels of wheat raised on the Holmes place, and also all the cotton, and that the defendant have and recover the 400 bushels of wheat raised on the Everett place, and, in case said wheat cannot be had, the value thereof, in the sum of $200; to which ruling and judgment of the court, the plaintiff excepted, and brings the cause here on appeal for review.

It is contended by the appellant that, in 1896, Elnora Everett rented about 20 acres of the N. W. ¼ of section 18, township 22, range 1 W., in said county, of her husband, T. C. Everett, for the purpose of sowing the said land in wheat; that she and her son Elliott Everett also rented about 20 acres for wheat and 12 acres for cotton on the S. W. ¼ of section 18, township 22 N., of range 1 W.; of one Ed Holmes; that the rent to be paid for both tracts of land was one-third of the wheat and one-fourth of the cotton grown upon said land, said wheat to be divided, when threshed, at the machine; that on the 16th day of December, 1896, the plaintiff in error purchased the interest of her son Elliott in the wheat on the Holmes land; and that on the 2nd day of July, 1897, the defendant, S. A. Akins, as sheriff of Noble county, levied upon all the wheat and growing cotton upon the Holmes land, and took possession thereof, under and by virtue of said execution. It is therefore claimed by the appellant that the relation of landlord and tenant existed between T. C. Everett and the plain-

tiff, Elnora Everett. The verdict of the jury was that the plaintiff in error was entitled to all the cotton and 200 bushels of wheat raised upon the Holmes place, but that she was not entitled to the wheat raised on her husband's place. The jury having found that the relation of landlord and tenant did not exist between the plaintiff and her husband, T. C. Everett, that finding of fact by the jury is conclusive.

The law is well settled that where a question of fact is submitted to a jury, and there is competent evidence tending to show such fact, the verdict of the jury, and the judgment of the court thereon, will not be disturbed by an appellate court. The question of landlord and tenant was a question of fact, to be determined by the jury. The jury having found for the defendant on this point, their finding is conclusive.

It is next contended that the court erred in setting aside that part of the verdict giving the plaintiff $70 and rendering judgment on the modified verdict. The finding by the jury was "that the defendant is entitled to the 400 bushels of wheat raised on the Everett place, at 75 cents per bushel, minus $70, the amount paid by Mrs. Everett for harvesting, threshing, and seed." The amount then awarded to the defendant by the jury was $230. The court admitted testimony as to the value of the wheat at the time of the trial, after it was threshed, but excluded testimony as to what it was worth at the time and place levied upon by the defendant. It was shown that the price of wheat at the time of the trial was 75 cents per bushel in the city of Perry, and hence the jury found that the value of 400 bushels of wheat was $300, and deducted therefrom $70 for harvesting, threshing, and seed, for which they gave Mrs. Everett

credit.  We think there was evidence to support this
finding of fact by the jury, and such a finding of fact
having been found by the jury, the court had no right
to deduct $70 therefrom.  On the other hand, the defend-
ant had the right to remit 25 cents on the bushel, which
was $100.  This, according to the verdict, then left the
defendant $130.  The amount remitted by the defendant
was the difference between the value of the wheat at the
time it was levied upon by the sheriff and the price that
was fixed by the testimony of witnesses at the time of
the trial.  Of course, the plaintiff would have no right
to complain that the defendant remitted $100 before or
after the judgment.  A *remittitur* of a portion of the ver-
dict, resulting from the admission of incompetent tes-
timony, cures the error.

Where an issue of fact is submitted to the jury, and
a verdict returned thereon, the judgment of the court
should be rendered according to the verdict of the jury,
and in conformity therewith.  In this case, the jury
having found from the facts submitted to it, that the
plaintiff was entitled to $70 for harvesting, threshing,
and seed, this finding was clearly within the issues of
the case, and was conclusive thereon.

Cobbey, in his work on Replevin (section 1086,) says:
"A judgment must follow a verdict and conform to it.
It cannot be broader than the verdict."

There is no principle of law more firmly established
than that the judgment must follow and conform to the
verdict of the jury, or the findings of fact by the court.
(11 Enc. Pl. & Prac. 905, and numerous authorities there
cited.)

No objection was made by either party to the recep-
tion of the verdict, or to its form, and no exceptions

saved in the record. The form of the verdict was therefore waived by both parties. We are therefore of the opinion that the court erred in setting aside that part of the verdict which deducted $70 from the whole amount awarded to the defendant by the jury.

And, lastly, it is contended by counsel for plaintiff in error, that the court erred in its instructions to the jury. We have carefully examined the record, and no objections or exceptions appear to have been taken by the plaintiff to any of the instructions at the time of the trial of said cause. This court will not review the instructions given by the district court to the jury, unless the instructions were duly excepted to at the time of the trial.

The judgment of the court will therefore be modified, and the cause remanded, with directions that the district court render a judgment in conformity with this opinion. The costs in this court, and also in the district court, will be taxed equally between the plaintiff and the defendant.

All of the Justices concurring.