GEO. W. BOYD *et. al.* v. ANNIE BRYAN.

(Filed July 6, 1901.)

1. ERRORS—Not Reviewed, When. Errors occuring on the trial of a cause will not be reviewed in this court unless presented to the trial court on motion for new trial.

2. EXCEPTIONS—How Presented to Trial Court. The eighth statutory cause for a new trial, viz: "Error of law occuring at the trial and excepted to by the party making the application," will, when embraced in the motion for new trial, present to trial court any objection or exception properly made and saved during the progress of the trial.

3. NEW TRIAL—Grounds for—How Presented to Supreme Court. An assignment of error in the appellate court, to the effect "that the court erred in overruling the motion for new trial" will present for the consideration of the supreme court every ground for new trial properly embraced in said motion.

4. INSTRUCTIONS—Reviewed When. This court will not review the instructions given on the trial of a cause, unless the instruction is excepted to at the trial, the exception made to appear of record, and the objection pointed out to the trial court on motion for new trial.

5. VERDICT—Disturbed, When. This court will not disturb the verdict of a jury based upon conflicting and contradictory evidence.

(Syllabus by the Court.)

*Error from the District Court of Greer County; before B. F. Burwell, Trial Judge.*

*Garrett & Thacker,* for plaintiffs in error.

*J. A. Powers, Duncan G. Smith* and *James R. Keaton,* for defendant in error.

Opinion of the court by

BURFORD, C. J.:   This was an action brought by Annie

Bryan in the district court of Greer county against the Chicago Live Stock Commission company and others to recover the value of a number of cattle which it was alleged that the defendants had unlawfully seized and converted. The cause was tried to a jury, and judgment rendered in favor of the plaintiff for the difference between the value of the cattle and the amount of a chattel mortgage held by the Chicago Live Stock Commission company on said cattle. The defendant appealed, and are the plaintiffs in error in this cause.

The petition in error contains three specific assignments of error, only one of which presents any question for our consideration. The third assignment is: "That the court erred in overruling defendant's motion for a new trial." This presents for review every alleged error arising during the progress of the trial which was properly saved, and is embraced in the motion for new trial. The other assignments in the petition in error attempt to raise original objections in this court to matters occurring during the trial and not embraced in the motion for new trial. This practice is not permissible in this court. In order to save and present a question for review in this court relating to a matter which occurred during a trial of a cause, due exception must have been taken in the trial court at the time the ruling was made, and the ruling of the trial court and the exception must appear in the record. Such objection must then be incorporated in the motion for new trial under some one of the statutory grounds for new trial, and must be presented to the trial court for its action. The ruling of the trial court upon the motion for new trial may then be assigned as error on appeal, and an assignment

of error, to the effect: "That the court erred in overruling the motion for new trial," presents to this court for review every cause for new trial that was properly embraced in said motion. It is not necessary, as is frequently done, to say in the petition in error, "that the court erred in overruling the motion for new trial," and then follow this with another assignment to the effect "that the court. erred in not granting a new trial."

The statutory grounds for new trial embrace every error that can occur during the trial of a cause, and when these are all set out in the motion for new trial, and said motion is overruled, all such questions are saved, and will be reviewed in this court under the one single assignment that " the court erred in overruling the motion for new trial."

Errors of law occurring during the preliminary proceedings before trial, such as rulings relating to process, service, motions or demurrers, should be specially assigned, as also should the proceedings and rulings after the trial proper has ended, if any were had.

The motion for new trial in the case under consideration contains two grounds for new trial. The first is: "Because the verdict is not sustained by sufficient evidence, and is contrary to law." This assignment is a proper one and presents the only question which we can consider.

The second ground for new trial is: "Because the court erred in instructing the jury that in 'no event could' they find that the defendants were entitled to charge fifty cents per head for commission for the sale of such cattle, or to charge an attorney's fee for collecting said note'."

This ground for new trial properly comes under the eighth statutory cause for new trial, and should have been set out in the motion for new trial under "Error of law occurring at the trial, and excepted to by the party making the application." But the specific assignment as set out in the motion is sufficient to challenge the attention of the trial court as to the correctness of the instruction complained of, and we would review the same if any exception had been saved to the instructions given by the court. The instructions are all set out in full in the case-made, and we have searched the record carefully to find where the defendants or either of them ever objected or excepted to any of the instructions. The record fails to disclose that an exception of any kind was taken to any instruction, and this court will not consider the correctness of an instruction given on the trial of a cause, unless the same was excepted to at the trial, and the question further saved by motion for new trial.

However, it is not improper to state that in examining the record for the purpose of determining what questions are properly saved, we have read the instructions, and think they fairly and correctly state the law applicable to the issues involved, and do not find that they are subject to the objections complained of by the defendants in error.

We have examined the evidence introduced, and admissions made by counsel on the trial, and do not feel warranted in disturbing the verdict on the weight of the evidence. There were only two disputed questions of fact in the case upon which there was a conflict of evidence. One was as to the value of the cattle taken, and the other

as to whether the plaintiff in the case below authorized her husband as her agent to consent, or gave her consent, to the taking of the cattle by the defendants, and the sale of the cattle to pay the mortgage debt. On each of these questions the evidence was conflicting. The jury were the judges of the weight of the testimony and the credibility of the witnesses, and it was their exclusive province to pass upon the facts. Their verdict has received the approval of the trial judge, and this court will not disturb the verdict of a jury where the evidence really tends to support such verdict.

The defendants in error filed no brief in this case. No doubt they were satisfied with the results, and were confident the court would find no error. Notwithstanding their confidence, they could have relieved the labor of the court to a material degree had they pointed out the grounds relied upon and the defects in the claims of plaintiffs in error. Courts are entitled to all the aid counsel can give them, and over-confidence is sometimes a fatal mistake.

We find no error in the record.

The judgment of the district court of Greer county is affirmed, at the cost of the plaintiffs in error.

Burwell, J., who presided in the court below, not sitting; all the other Justices concurring.