Syllabus.

ALBERT JACKSON ET AL. *v.* MAX LEMLER.

1. CHANCERY PLEADINGS AND PRACTICE. *Cross-bill between defendants. Decree on original bill. Res adjudicata.*

Where a cross-bill is filed by a defendant in an equity suit against a co-defendant, not involving the controversy between complainant in the original bill and the defendants thereto, a decree in such complainants' favor does not affect the rights propounded by one defendant against another in the cross-bill.

2. SAME.

A decree in favor of complainant against several defendants does not render the relative rights and liabilities of defendants as between themselves *res adjudicata*, when such rights are not involved in the determination of the complainant's claim.

3. SAME. *Code* 1892, §§ 536, 537, 543, 549. *Amendment of cross-bill. Laches.*

A defendant in an equity suit, who has, as authorized by Code 1892, § 536, made his answer a cross-bill against a co-defendant and had process executed thereon, if the defendant thereto has not answered the cross-bill, as required by Code 1892, § 549, may:

(a) Under Code 1892, § 549, take a decree *pro confesso*, to his cross-bill; or

(b) Under Code 1892, § 537, compel an answer to the cross-bill by attachment; or

(c) Under Code 1892, § 543, amend the cross-bill as of course without leave of court, and the amendment may be made, if the cross-bill does not involve the controversy between the complainant in the original bill and the defendants thereto, after a decree has been rendered on the merits for the complainant in the original bill.

4. SAME.

Under Code 1892, § 543, so providing, a complainant has the right to amend his bill of complaint, without leave of court, "at any time before the defendant has made defense," and the section is applicable to a cross-bill; therefore, a defendant to a bill or a cross-bill, who has not made defense, cannot set up the mere lapse of time as a bar to such an amendment, since his own neglect to make defense preserved the right.

5. SAME. *Interlocutory decrees. Exceptions. Appeal from final decree.*

> An apeal from the final decree in an equity suit brings in review all intelocutory decrees adverse to the appellant to which due exception was taken and made of record.

6. SAME. *Construction. Procedure.*

> Rules of procedure in the chancery court should be liberally construed and applied.

7. SAME. *Motion to strike from files.*

> Defenses of *res adjudicata* and the statute of limitations cannot be made by a motion to strike a pleading from the files.

FROM the chancery court of Washington county.

HON. A. McC. KIMBROUGH, Chancellor.

The appellants, Jackson and wife, and the appellee, Lemler, and others, were all defendants to the original suit in the court below, which original suit was begun by Reuben W. Millsaps, complainant. The facts were these:

In 1891 Jackson and wife, appellants, owed appellee, Lemler, $780, and in February of that year they executed a mortgage on land, their homestead, to secure the debt. The debt, evidenced by a promissory note, and the mortgage securing it were transferred and assigned by appellee, Lemler, to complainant, Millsaps. In March, 1892, after the assignment of the mortgage debt to Millsaps, the appellants, mortgagors, sold the land to appellee, Lemler, and in October, 1892, Lemler, appellee, executed a second mortgage on it to secure a debt which he owed to the Citizens' Building and Loan Association, and thereafter on the same day appellee, Lemler, conveyed the property back to appellants, Jackson and wife.

In January, 1894, Millsaps, the complainant, instituted this suit to foreclose his mortgage on the property, which was prior and superior to the rights of all the other parties, and he made them all defendants to the suit.

The appellants, Jackson and wife, answered the original bill, made their answer a cross-bill against appellee, Lemler, setting

up that as between appellants, Jackson and wife, and appellee, Lemler, the latter was primarily liable to pay off and satisfy the debt due Millsaps, the complainant. Lemler did not answer the cross-bill, and no steps whatever were taken by appellants, Jackson and wife, thereon until after a final decree had been rendered in favor of complainant, Millsaps, October, 1895, enforcing his mortgage, but the decree in favor of Millsaps did not in any way adjudge the rights of appellants, Jackson and wife, against appellee, Lemler, propounded in the cross-bill.

In June, 1901, about six years afterwards, appellants, Jackson and wife, filed a pleading in the cause, setting out the various asserted equities between themselves and appellee, Lemler, and praying in the alternative that it be treated as an amended cross-bill in the case then pending, or as an original bill against appellee, Lemler. At the next term of the court Lemler, appellee, moved the court to strike the pleading from the files, in so far as it was filed as an amended cross-bill, because it was filed without leave of the court or chancellor, and objected to such leave being granted because it came too late and after the final decree in complainant, Millsaps', favor and, as was claimed by him, after the case was out of court. This motion the court below sustained, and declined to grant leave for the pleading to be treated or then filed as an amended cross-bill.

Lemler, appellee, then demurred to the pleading as an original bill against him, setting up the statutes of limitation, and the court below sustained the demurrer and rendered a final decree against appellants, Jackson and wife, and in appellee, Lemler's favor, from which Jackson and wife appealed to the supreme court.

*Jayne & Watson,* for appellants.

It will be seen that when the original answer and cross-bill of appellants was exhibited in the chancery court, appellee was summoned to answer the cross-bill of appellants and process

was duly executed on him, citing him to plead, answer, or demur to the cross-bill feature of appellant's answer and cross-bill. Appellee made no answer to the cross-bill of appellants and no decree *pro confesso* was taken against him in the case and no final decree. Therefore, the appellants had the right to amend their cross-bill at any time they saw fit and without leave of the court. This right was given to them by the statute. Code 1892, § 543.

Upon the case as it thus stood no issue had been made up and none could have been made until appellee had answered. No final decree could have been taken until a decree *pro confesso* was had. Neither of these steps were taken in the case, consequently the case made against the appellee by the cross-bill of appellants stood simply on the cross-bill and the process, and thus it remained until appellants exhibited their amended cross-bill. This was the only phase that the case could present to appellee. He could have had nothing to do with any feature of the amended answer and cross-bill which was aimed at equities not existing between appellants and him. To put it otherwise, if the amended answer and cross-bill had contained any matter which affected the rights of the other litigants in the cause, such as Millsaps, Thomas, and the Building Association, that feature could not concern appellee, for he alone was summoned to answer the amended answer and cross-bill, and to him it stood as an original bill. This right was given to appellants at equity as well as by statute. Code 1892, § 536, and the authorities there cited.

We further submit that a motion to dismiss or strike from the files the amended cross-bill in this case was not the proper way to effect a disposition thereof. *Majors* v. *Majors,* 58 Miss., 806.

In view of the fact that no answer was made to the original cross-bill and no orders granting affirmative relief made thereon, the question involved in this case could not be *res adjudicata.*

*Majors* v. *Majors,* 58 Miss., 806; *Lorance* v. *Platt,* 67 Miss., 183.

We understand the rule to universally prevail to the effect that unless an issue is made up on a separate equity and on adjudication had thereon in the principal case, the action of the court will not be *res adjudicata* as to a suit brought to enforce the separate equity.

Our view of this case is that as between appellants and appellee on the original cross-bill filed by appellants, the case presented an existing and unadjudicated suit, and consequently the limitations contended for by appellee did not apply. If the case stood as a pending cause between appellants and appellee, appellants could have set it down for hearing at any time before the dismissal of the cause, moved for a decree *pro confesso* and followed that by a final decree. On the other hand, they could have done as they did, amend their cross-bill as they had a right to do under the statute above cited and proceed in that, thus treating the whole case as a pending cause as to appellee.

*J. H. Wynn,* for appellee.

As to the action of the chancellor in striking from the file the paper so far as it was filed as an amended cross-bill and not allowing it to be filed as an amended cross-bill, I have to say that it was filed without leave of the court and amendments cannot be filed without such leave or leave of the chancellor in vacation. Code 1892, § 542. The only provision for amending without leave of the court is found in § 343, Code 1892.

The court properly refused to allow the paper to be filed as an amended cross-bill because all the facts set out in this paper were known to the appellants long before the final decree was rendered, and the appellants had been guilty of such laches as to debar them from consideration of the court. Amendments must be made before final decree. *Duggan* v. *Champlin,* 75 Miss., 446. The case was pending from January, 1894, till

November, 1895. All the facts set out in this paper were bound to have been known to the defendants before the final decree.

The fact is the case has been ended and the costs paid, and now, nearly six years afterwards, this paper is presented as an amended cross-bill. The courts will not tolerate such laches. Moreover, the final decree did not grant the relief prayed for in the cross bill against Lemler embodied in the answer of the appellants filed February 27, 1894. The cause was set down for hearing, and the decree recites that the "cause coming on to be heard upon a bill of complaint and the exhibits thereto and the answer of the defendants, the Citizens' Building and Loan Association, E. N. Thomas, M. Lemler, and the answer of Albert Jackson and Katie Jackson, and their cross-bill and exhibits and the proofs taken," and after ths recital, the decree grants the relief prayed for by Millsaps, but does not grant the relief prayed for in the cross-bill by appellants against the appellee, Lemler. This was an adjudication that this relief should not be granted. At any rate the decree failed to grant this relief, and appellants' only remedy was by an appeal.

TRULY, J., delivered the opinion of the court.

The court below erred in sustaining the motion to strike out the amended cross-bill of appellants, because filed without leave, and then refusing leave to file when asked. The decree for foreclosure and sale obtained by the original complainant was only finally decisive of the question therein involved; that is, that he was entitled to the relief prayed for against all the defendants to his bill of complaint. This decree in no manner affected the relative rights of defendants, and was in no sense an ajudication of the equities which might exist among themselves. The terms of the decree show that it was not so intended, and it could not have been, because in this case the allegations and claims upon which the cross-bill of appellants against their codefendant, M. Lemler, was predicated, were not involved

in the litigation between original complainant and defendants, had never been placed at issue, were not presented to the court, had not been investigated, and consequently could not have been passed upon or decided. Under section 536, Code 1892, a defendant in a chancery suit may make his answer a cross-bill against any one or all of his codefendants, and may introduce any new matter therein material to his defense, and he shall have process thereon against the defendants to such cross-bills. Appellants adopted the course pointed out by said section. They filed an answer to the original bill of complainant, as required by the process of the court, and made that answer a cross-bill against certain of their codefendants, and had process issued thereon as directed by law. This process was duly served upon the defendant to the cross-bill, M. Lemler, citing him to plead, answer, or demur to said cross-bill by a day named. Our statutory provision is that like proceedings shall be had in the case of cross-bills as in other bills. Therefore the cross-bill of appellants became, as to M. Lemler, the defendant therein, an original bill of complaint, subject to the same rules, and upon which like proceedings must be had. The process for Lemler, as defendant to the cross-bill, having been returned executed, it became his duty, under section 549, Code 1892, to plead, answer, or demur to said cross-bill on or before the day named in the process. This Lemler failed to do; contenting himself with answering the original bill of complaint, but ignoring the cross-bill. Upon this failure on the part of Lemler to respond to the process, appellants had the option of adopting any one of three methods of precedure pointed out by the code: Under section 549, they could have taken a decree *pro confesso* against Lemler, or, under section 537, they could have, by attachment, compelled an answer, or, by complying with section 543, they could amend their bill as of course without applying to the court. Appellants chose the method granted under section 543—filed their amended cross-bill and had the defendant thereto again

served with process. We think this is not only permissible, but the proper course to pursue.

The argument that appellants have, in some vague, indefinite way, forfeited their right to amend by their delay in amending, is not maintainable. The doctrine of laches has no application in a case of this character. Besides, in the particular case, the delay has been on the part of the defendant, and appellants had the right to amend their cross-bill "as of course, without applying to the court, at any time before the defendant had made defense." The defendant even yet has made no defense, and he cannot be heard to complain that the appellants have taken advantage of the privilege of amendment which his own dilatoriness has granted them.

The position assumed by counsel for appellee, that the appellants are precluded from the assertion of their rights because the decree in favor of the original complainant did not grant the relief asked for in the original cross-bill, is manifestly untenable. A moment's consideration will show that, under the state of pleadings then existing, no relief could have been granted on the cross-bill. No answer thereto had been filed, no *pro confesso* taken, and no final decree could have been rightfully rendered. A decree in favor of a complainant against several defendants does not render the relative rights and liabilities of the defendants among themselves *res judicata,* when such rights are not necessarily involved in the determination of the original cause.

It is urged for appellee that the action of the court below in sustaining the motion striking out appellants' cross-bill is not properly before this court for review, because the petition for appeal only prays an appeal from the final decree of the court dismissing the cross-bill when filed and considered as an original bill. Appellants duly excepted to the ruling of the court striking out their amended cross-bill, and an appeal from a final decree of a chancery court brings all errors complained of before this court for consideration. A court of chancery should liber-

ally construe its rules governing matters of mere procedure, and not permit them to be converted into a maze wherein the skillful pleader may elude the pursuit of justice.

The question of pleading alone is decided in this appeal.

The pleas of *res adjudicata* and of the statute of limitations were not properly presented to the court below by the motion to strike the amended cross-bill from the files. *Majors* v. *Majors,* 58 Miss., 806.

*The judgment of the court below is reversed, and the cause remanded. The amended cross-bill is reinstated upon the files, and the appellee, M. Lemler, granted sixty days from the filing of the mandate in the court below to plead, answer or demur.*