TAYLOR *et al.* v. JOHNSON *et al.*

No. 2173, Okla. T.    Opinion Filed January 13, 1909.

(99 Pac. 645.)

TRIAL—Instructions—Necessity of Exception. ❦This court will not re-
view an instruction given by the trial court to the jury, unless
the instruction was duly excepted to at the time of the trial.

(Syllabus by the Court.)

*Error from District Court, Lincoln County; J. H. Burford, Trial
Judge.*

Action by H. M. Johnson against Shedrick Taylor and others.
Judgment for plaintiff, and defendants Shedrick Taylor and Nan-
cy Taylor bring error.    Affirmed.

This action was brought by the defendant in error H. M.
Johnson to recover on a non-negotiable promissory note, and to
foreclose a mortgage given to secure the same.    He alleges in his
petition that the note and mortgage were executed by the plain-
tiffs in error, and that the note is past due and unpaid.    Plain-
tiffs in error in their answer make a general denial, and specifical-
ly deny that they executed and delivered the note to the payee
therein, and further allege that if said note and mortgage were
obtained from them they were obtained by fraud, and without
their knowledge or consent.    Upon a verdict in favor of defendant
in error judgment was rendered by the trial court. from which
plaintiff in error appealed.

*W. H. McCarver* and *Devereux & Hildreth,* for plaintiffs in
error.

*Owen & Neeley,* for defendants in error.

HAYES, J.    (after stating the facts as above).    Plaintiffs in
error make the following assignments of error in their brief:

"First, that the court erred in ruling that the pleadings in
this case only raised the issue of *'non est factum'*; second, that

the court erred in instructing the jury that the only question for them to find under the pleadings in this case was whether the present plaintiffs in error executed the note and mortgage sued on; third, that the court erred in overruling the motion for a new trial."

Counsel for plaintiffs in error in their argument on these assignments have discussed them all under the second assignment, and the matters complained of arose in the instructions of the court to the jury. The court instructed the jury that the only question for their consideration was whether the note and mortgage were executed by plaintiffs in error. The instructions are fully set out in the record and we have carefully examined same, but we have been unable to find from the record that the instruction complained of was excepted to by plaintiffs in error, and this court will not review instructions given on the trial of a cause unless the instruction complained of in this court was excepted to at the time. *Everett v. Akins,* 8 Okla. 184, 56 Pac. 1062; *Boyd v. Bryan,* 11 Okla. 56, 65 Pac. 940; *Glaser v. Glaser,* 13 Okla. 389, 74 Pac. 944.

The evidence in this case fairly tends to support the verdict of the jury; and, since no error of the trial court has been presented to this court for which the case should be reversed, the judgment of the trial court is affirmed.

All the Justices concur.