FINCH *et al.* v. BROWN *et al.*

No. 607.    Opinion Filed September 13, 1910.

(111 Pac. 391.)

1.    APPEAL AND ERROR — Review — Instructions — Objections Waived.  This court will not review an instruction given by the trial court, unless the same was excepted to at the time of the trial.

2.    APPEAL AND ERROR—Review—Case-Made—Recital as to Evidence.  This court cannot consider any question depending upon the facts for its determination, where the case-made does not contain the averment by way of recital that it contains all the evidence submitted or introduced on the trial of the case.

3.    TRIAL—Refusal of Instructions Already Covered.  It is not reversible error to refuse an instruction which states the law of the case correctly, where the court has in other instructions covered the point presented by the instruction refused.

4.    TRIAL—Instructions—Conformity to Issues.  It is not error for

the court to refuse an instruction upon an issue that is not presented by either the pleadings or the evidence in the case.

(Syllabus by the Court.)

*Error from Canadian County Court; H. L. Fogg, Judge.*

Action by W. J. Finch and others against Dollie Brown and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

*Babcock & Trevathan,* for plaintiffs in error.
*John W. Clark,* for defendants in error.

HAYES, J.   Plaintiffs in error by their petition in the court below seek to recover from defendants in error for services alleged to have been rendered by them as real estate brokers to defendants in error in the sale of certain real estate.   Defendants in error defend against the action upon the grounds that they had no contract of employment with plaintiffs; that plaintiffs had rendered them no services as alleged; and that the property sold by defendants was upon an agreement that the price paid should be net to them. From a judgment in favor of defendants in error, this appeal is prosecuted.

The first assignment of error urged for reversal complains of an instruction given, but the record does not disclose that either objection was made or exception taken thereto by plaintiffs in error, and it cannot therefore be considered.   *Everett v. Akins,* 8 Okla. 184, 56 Pac. 1062; *Boyd v. Bryan,* 11 Okla. 56, 65 Pac. 940.

The second assignment complains of an instruction given, upon the ground that there was no evidence upon which to base it. To consider this assignment would require us to review the evidence, but the case-made contains no recital or averment that it contains all the evidence introduced at the trial.   In the absence of such recital in the case-made, we cannot consider any question depending upon the facts for its determination (*Wagoner v. Sattley Mfg. Co.,* 23 Okla. 52, 99 Pac. 643), and such omission in the case-made cannot be supplied by certificate of the stenographer.

*Tootle, Wheeler & Motter Mer. Co. v. Floyd (infra)*; *Martin et al. v. Gassart,* 17 Okla. 177, 87 Pac. 586.

Complaint is made of the court's refusal to give plaintiff's requested instruction No. 6, but the matters contained in said instruction are fully covered by other instructions given, some of which were given at the request of plaintiffs; and there was no error in the refusal of the court to give this instruction. *Woodmen of the World v. Welch,* 16 Okla. 188, 83 Pac. 547; *A., T. & S. F. Ry. Co. v. Marks,* 11 Okla. 82, 65 Pac. 996; *Citizens' Bank of Wakita v. Garnett et al.,* 21 Okla. 200, 95 Pac. 755. The same may be said of the refusal of the court to give plaintiffs' requested instructions Nos. 8 and 10.

Plaintiffs' complaint that the court refused to give an instruction requested by them to the effect that, in order to entitle a real estate broker to his commission, it is necessary to find a purchaser who is ready, able, and willing to purchase upon the terms agreed upon, but, where the agent finds a purchaser and introduces him to the owner and a sale is actually consummated, though upon different terms, still the broker is entitled to a commission for such services. The instruction as requested has no application to the evidence in this case or to the issues involved as made by the pleading or to the theory upon which the case was tried. The jury was instructed that it was sufficient to entitle plaintiffs to recover their commission, if the sale was effected through their agency as its procuring cause, although the sale was made by the owners of the property, if by the exertions of plaintiffs the purchaser and the owners were brought together, and a sale resulted therefrom. Defendants did not defend against any liability on the ground that the sale was consummated at a different price from that at which it was listed with plaintiffs, or at which they offered to sell same. Their sole contention as to the price is that the price at which they sold the property to the purchaser and which was agreed upon in the presence of plaintiffs was that it should be a net price to them. An instruction to the effect that, if the jury found that plaintiffs had rendered services in

procuring a purchaser ready, able, and willing to buy the property, plaintiffs would be entitled to recover, unless they found that it was the agreement between plaintiffs and defendants that the price for which the property was sold was to be net to the defendants, not including plaintiffs' commission, might have been permissible, if it had been requested; but the instruction requested and refused does not submit this proposition, and. it is not applicable to the facts or issues involved.

Since the errors assigned that can be considered are without merit, the judgment of the trial court is affirmed.

All the Justices concur.