ROGERS v. PRESNALL et al.

No. 1819.  Opinion Filed May 14, 1912.

(124 Pac. 37.)

JUDGMENT—Action on Judgment—Answer—Demurrer.  Where the defendant in a suit on a judgment answered that he had not been served with summons, and attached a copy of the judgment showing that he had not been summoned and had not appeared in the action, it was error to sustain a demurrer to the answer.

(Syllabus by Rosser, C.)

*Error from District Court, Murray County;
R. McMillan, Judge.*

Action by P. A. Presnall and others against Hugh Rogers. Judgment for plaintiffs, and defendant brings error.  Reversed and remanded.

*C. B. Kendrick* and *A. C. Cruce,* for plaintiff in error.

*Emanuel & Broadbent,* for defendants in error.

Opinion by ROSSER, C.  This case is brought here for review from the district court of Murray county.  The defendants in error brought this suit against Hugh Rogers, plaintiff in error, on a judgment rendered in the district court of Nueces county, Tex.  The defendant answered pleading the statute of limitations and that he had not been served with summons in the action in which judgment was rendered against him in Nueces county, Tex., and that the judgment there rendered was not valid.  He attached a copy of the judgment.  The judgment attached shows that defendant was a nonresident of the state of Texas, and does not show that he appeared or that he was personally served with process.  It does show that an attorney was appointed by the court to defend him as nonresident, and that this attorney answered for him, but this only adds force to the other presumptions from the record that he had not been served and that no one was authorized by him to appear.  It

Opinion of the Court.

does not appear that any property was attached, and the judgment appears to have been merely a personal judgment.

A demurrer was sustained to the portion of the answer alleging the want of service and invalidity of the judgment. This was error. *Pennoyer v. Neff*, 95 U. S. 714, 24 L. Ed. 565; *St. Clair v. Cox*, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222; *Cooper v. Newell*, 173 U. S. 555, 19 Sup. Ct. 506, 43 L. Ed. 808; 23 Cyc. 1597; *Miller v. Mills,, ante,* 122 Pac. 671. On the general subject of constructive service, see *Pinney v. Providence Loan & Investment Co.,* 106 Wis. 396, 82 N. W. 308, 50 L. R. A. 577, and note, 80 Am. St. Rep. 41.

This portion of the answer could have been better pleaded, but it set out the judgment and alleged its invalidity for want of requisite service. This was sufficient as against a general demurrer. It was equivalent to a general denial. The record attached to the answer supported the allegation of invalidity. A general denial would have been good against a demurrer, and under it plaintiffs would have been required to prove a judgment which on its face showed jurisdictional facts. *Planing Mill Lbr. Co. v. Chicago,* 56 Ill. 304; 23 Cyc. 1521.

Plaintiffs contend that the judgment of a court of general jurisdiction is presumed to be regular, and that such judgment cannot be collaterally attacked. They further contend that the defendant in this case is attempting to attack the judgment collaterally. They are only partially correct in their contentions. The presumption is in favor of the regularity of a judgment of a court of general jurisdiction *when it does not bear on its face the evidence of invalidity*. But the judgment of a court of general jurisdiction will not be presumed to be valid *as against illegality appearing on the face of the record*. When the record proper—that is, what is sometimes called the judgment roll—shows on its face that the court did not have jurisdiction, the judgment is subject to collateral attack and will not support any right founded upon it.

There are a multitude of cases on the subject of collateral and direct attack. But, without citing them or comparing them;

the rule .is laid down with confidence that a judgment is subject to a collateral attack for jurisdictional errors which appear upon the record or judgment roll. Matters affecting the legality of the judgment which do not appear upon the record, but which require proof *dehors* the record, cannot be taken advantage of collaterally but can only be raised by direct attack in which the irregularities are specially pleaded. A judgment of a court of record is presumed to be valid, but, where it shows upon its face that it was rendered without jurisdiction, this presumption cannot longer obtain.

The effect of the paragraph to which the demurrer was sustained was to deny that plaintiffs had a judgment, and it was a sufficient answer to require plaintiff to show a judgment regular on its face.

The case of *Ritchie v. Carpenter,* 2 Wash. 512, 28 Pac. 381, 26 Am. St. Rep. 877, and *Aultman, Miller & Co. v. Mills,* 9 Wash. 68, 36 Pac. 1046, cited by plaintiffs as supporting their contention that the answer in this case did not sufficiently negative the jurisdiction of the court, are not in' point. In both these cases the record on its face showed service, and the question was as to the right of the defendant in the case to introduce other testimony to contradict the record.

Other questions are raised in the assignment of errors and in the briefs of counsel, but they cannot be considered because their decision depends upon the evidence in the case. While some evidence is contained in the case-made, it nowhere recites that it contains all the evidence introduced at the trial. *Wagner v. Sattley Mfg. Co.,* 23 Okla. 52, 99 Pac. 643, and cases there cited; *Finch v. Brown,* 27 Okla. 217, 111 Pac. 391; *Tootle, Wheeler & Motter Mfg. Co. v. Floyd,* 28 Okla. 308, 114 Pac. 259.

This case should be reversed and remanded for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.