## INCORPORATED TOWN OF STIGLER v. WILEY.

No. 2305.    Opinion Filed November 26, 1912.

(128 Pac. 118.)

1.  **PLEADING—Petition—Demurrer.**  Where a petition states facts
    sufficient to constitute a cause of action, and such statement is
    sufficiently definite and certain to put the defendant on notice
    of what he is charged with, and to enable him to make his defense,
    the petition is good on demurrer.

2.  **APPEAL AND ERROR—Review of Instructions—Necessity of
    Exceptions.**  This court will not review an instruction given by
    the trial court, unless the same was excepted·to at the time of
    the trial.

3.  **SAME—Review of Evidence—Insufficient Record.**  Where com-
    plaint is made that the verdict is not supported by the evidence,
    and where it does not appear from the record that the case-made
    contains all the evidence, this court will not consider any question
    depending upon the facts for its determination.

(Syllabus by Harrison, C.)

*Error from Haskell County Court;*
*A. L. Beckett, Judge.*

Action by Annie Wiley against the Incorporated Town of
Stigler.  Judgment for plaintiff, and defendant brings error.  Af-
firmed.

*W. H. Robbins,* for plaintiff in error.

*Fred H. Fannin,* for defendant in error.

Opinion by HARRISON, C.  This suit was filed in the
county court of Haskell county, June 2, 1909, by Annie Wiley,
against the incorporated town of Stigler, for the alleged unlawful
impounding and selling of nine hogs, and the wrongful conver-
sion to its own use of the proceeds from the sale of same.  On
October 7, 1909, a trial of said cause was had, resulting in a
verdict in favor of plaintiff in the sum of $41.  On March 23,
1910, a new trial was granted, and on October 7, 1910, the cause
was again tried resulting in a verdict and judgment for plaintiff
in the sum of $30.  From this judgment the defendant city of
Stigler appeals upon three principal assignments of error, to wit:

First, error of the court in overruling defendant's demurrer; second, error of the court in instructing the jury; third, error of the court in overruling the motion for new trial.

As to whether or not the first contention is well taken depends upon whether the petition stated a cause of action. The evident intent of the petition was to state that plaintiff was the owner of the hogs, and to describe them, allege their value, and that the incorporated town of Stigler, acting through its duly commissioned city marshal and poundmaster, in conjunction with one William Bain, unlawfully impounded and sold the hogs in question, and wrongfully and unlawfully converted the proceeds to its own use and benefit. In paragraph 2 of her petition plaintiff alleged:

"Plaintiff further says that on the 10th day of May, 1909, the plaintiff was the owner of the above-described hogs, and that on said day the defendant J. L. Tribble as the duly commissioned and acting city marshal for said town acting for and in behalf of said town and the defendant John Hatley, the duly appointed poundmaster for said incorporated town, and acting for and as the agent of said town, and with the knowledge and approval of said incorporated town, and with the approval and knowledge of the officers of said incorporated town of Stigler, and the said Wm. Bain, on said date conspired and confederated and planned to induce the above-described hogs from the outside of the incorporated limits of the incorporated town of Stigler to within the incorporated limits of said town in order to impound said hogs, and on said date the said Wm. Bain, acting in conjunction with the said John Hatley, drove said hogs into the said town of Stigler from beyond the incorporate limits of said town, and said John Hatley impounded the said hogs in the town pound for the incorporated town of Stigler, and thereafter the said John Hatley, as poundmaster, and the said J. L. Tribble, as city marshal, acting for and in behalf of said incorporated town of Stigler, and with the knowledge, consent and approval of said incorporated town of·Stigler, sold said hogs, and converted the proceeds of said sale to the settlement of pound fees in the sum of $———, and paid the balance into the treasury of said incorporated town in the sum of $———. The plaintiff says that the action of the said defendants in so impounding said hogs was illegal, and that the action of the said defendants in so selling said hogs was illegal, and that by reason of the wrongful and illegal acts of the defendants she has been damaged in the sum of $48."

These allegations were sufficient to put the defendant on notice of what it was charged with, and enable it to make its defense; and sufficient, if sustained by the evidence, to warrant a recovery. Therefore the demurrer was properly overruled.

As to the second assignments, the record does not show that the court's instructions were excepted to as required by statute. Section 5795, Comp. Laws 1909, provides:

"A party excepting to the giving instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to write at the close of each instruction 'Refused and excepted to,' or, 'Given and excepted to,' which shall be signed by the judge."

One of the principal objects of this statute is to require the party aggrieved by an instruction to except thereto before they are read to the jury, thereby calling the court's attention to the errors therein, and giving it an opportunity to correct same before they are read to the jury.

"This court will not review an instruction given by the trial court, unless the same was excepted to at the time of the trial." (*Finch v. Brown*, 27 Okla. 217, 111 Pac. 391; *Everett v. Akins*, 8 Okla. 184, 56 Pac. 1062; *Boyd v. Bryan*, 11 Okla. 56, 65 Pac. 940.)

The material feature in the third assignment is that the verdict was not sustained by the evidence. But it is not shown in the record before us that all the evidence is contained therein. In *Finch v. Brown, supra,* it was held:

"To consider this assignment would require us to review the evidence, but the case-made contains no recital or averment that it contains all the evidence introduced at the trial. In the absence of such recital in the case-made, we cannot consider any question depending upon the facts for its determination (*Wagner v. Sattley Mfg. Co.*, 23 Okla. 52, 99 Pac. 643), and such omission in the case-made cannot be supplied by certificate of the stenographer."

This disposes of the material objections argued in the brief. As to the other errors assigned in the petition in error, we do not think them of sufficient merit to justify a reversal.

The judgment should therefore be affirmed.

By the Court: It is so ordered.