## BURGESS *et al.* v. FELIX.

No. 3490.   Opinion Filed May 12, 1914.

(140 Pac. 1180.)

1.   **SALES** — Breach of Warranty — Damages—Purchase Price—Evidence.   Under the general rule, the measure of damages recoverable for a breach of warranty of personal property is the difference between the actual value of the property at the time of sale and what its value would have been if it had conformed to the warranty.   But, in the absence of other evidence, the purchase price is prima facie its value as warranted.

2.   **TRIAL**—Instructions—Pleading—Express Warranty—Breach.   In an action for damages for the breach of an express warranty, where the court instructs the jury on the question of an express warranty as alleged in the petition, and also instructs the jury on the question of an implied warranty, held, that it was error to give an instruction as to an implied warranty, because it permits a recovery for the breach of an implied warranty not alleged in the petition, the nature and terms of which implied warranty were not alleged in the petition or defined in the instruction.

3.   **SAME.**   Where the plaintiff relies in his pleadings upon an express warranty, the court should limit the recovery to a breach of the express warranty.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Grant County;*
*J. W. Bird, Judge.*

Action by John Felix against H. L. Burgess and B. F. Venn, partners as Burgess & Venn.   Judgment for plaintiff, and defendants bring error.   Reversed and remanded.

*McKeever & Walker,* for plaintiffs in error.

*Sam P. Ridings* and *F. G. Walling,* for defendant in error.

Opinion by RITTENHOUSE, C.   Plaintiffs in error will be designated as defendants, and defendant in error will be designated as plaintiff, in accord with their respective titles in the trial court.

On the 13th day of September, 1911, the plaintiff instituted suit for damages for breach of warranty upon the sale of two

French draft mares. The petition sets forth substantially the same allegations in the two causes of action, which refer separately to each of the mares. The allegations are that defendants expressly warranted each of said mares to be sound, well, gentle, well-broken, and good breeders, and further alleging that said mares were not gentle or well-broken, but were wild and ungovernable, and that they could not be safely driven, worked, and handled, and were worthless for breeding purposes. Issues were joined by a general denial, and the cause submitted to a jury, resulting in a verdict and judgment for $500 in favor of plaintiff.

The testimony shows that the mare Mabel was purchased for $400, and the mare Mildred was purchased for $500, and that the actual value of said mares was not more than $300. This is all the evidence contained in the record as to the value of the mares. There was no objection to the introduction of this evidence on the part of the defendants, nor was there any contention in the court below that the purchase price was not the true value of the mares as warranted. The proof of the purchase price of the mares by the plaintiff, and that proof not being controverted in any manner, is strong and convincing proof of the value of the mares as warranted, and, in the absence of other evidence as to the value of said mares, the purchase price is *prima facie* their value as warranted.

"The general rule as to the measure of damages on a breach of warranty is that the buyer is entitled to recover the difference between the actual value of the goods and what the value would have been if the goods had been as warranted, and, in the application of the rule, it is held that the fact that the goods were actually worth the price which was paid for them is immaterial. The difference between the purchase price and the actual value cannot be regarded as the measure of damages, as in such case the purchaser recovers too small a sum if he has made a bad bargain and paid more than the goods were worth, and too great a sum if he has made a good bargain, paying less than the goods were worth. It is true that in some cases the rule has been stated that the measure of damages is the difference between the purchase price and the actual value of the goods; but in nearly all of these cases the theory undoubtedly is that, in accordance with the general rule, if there is no other evidence of the actual value of

the goods, the purchase price will be regarded as such value." (35 Cyc. 468.)

*Tatum v. Mohr,* 21 Ark. 349; *Ash v. Beck* (Tex. Civ. App.) 68 S. W. 53; *Beard v. Miller* (Tex. App.) 16 S. W. 655; *South Covington, etc., St. R. Co. v. Gest* (C. C.) 34 Fed. 628; *Overbay's Adm'r v. Lighty,* 27 Ind. 27; *J. I. Case Plow Works v. Niles, etc., Co.,* 90 Wis. 590, 63 N. W. 1013; *Seigworth v. Leffel,* 76 Pa. 476; *Street v. Chapman,* 29 Ind. 124; *Cary v. Gruman,* 4 Hill (N. Y.) 625, 40 Am. Dec. 299; *Thoreson v. Minneapolis Harvester Works,* 29 Minn. 341, 13 N. W. 156; *Minneapolis Harvester Works v. Bonnallic,* 29 Minn. 373, 13 N. W. 149; *Carr v. Moore,* 41 N. H. 131; 30 A. & E. Enc. of Law, p. 212.

This holding is not in conflict with the case of *Spaulding Mfg. Co. v. Holiday,* 32 Okla. 823, 124 Pac. 35; wherein the court construes section 2900, Comp. Laws 1909 (Rev. Laws 1910, sec. 2865), which section defines the measure of damages for breach of warranty of the quality of personal property, as in that case the court held that there was an absolute failure of proof as to the measure of damages, there being no evidence whatever of the actual value of the property, and the testimony of the purchase price, without any evidence of the actual value, would be insufficient from which to measure such damage. In the instant case there is no controversy as to the value of the mares as warranted. The plaintiff testified that the purchase price of one mare was $400, and the purchase price of the other was $500. This is *prima facie* evidence of the value of the property as warranted, inasmuch as there was no attempt to show that the purchase price was not the true value of the mares as warranted, and, in the absence of any other evidence of the value of said mares, the purchase price will be presumed to be the true value.

The only remaining assignment of error necessary to be considered is that the court erred in instructing the jury. The defendants saved their exceptions to the instructions complained of, but it is contended by the plaintiff that the exception to the instructions given brings the case within the previous holdings of this court, where it has been repeatedly held that general ex-

ception to each and every instruction given by the court to the jury, adverse to the defendant, and to each and every part thereof, and to the instructions as a whole, is not sufficient to challenge the attention of the court to any specific instruction, and insufficient to bring to the consideration of this court such separate instruction, and will therefore not avail as an exception unless the whole charge is erroneous. *McCabe & Steen Construction Co. v. Wilson,* 17 Okla. 355, 87 Pac. 320; *Glaser et al. v. Glaser et al.,* 13 Okla. 389, 74 Pac. 944; *Eisminger v. Beman,* 32 Okla. 818, 124 Pac. 289; *Finch v. Brown,* 27 Okla. 217, 111 Pac. 391; *Incorporated Town of Stigler v. Wiley,* 36 Okla. 291, 128 Pac. 118; *Shelby v. Shaner,* 28 Okla. 605, 115 Pac. 785, 34 L. R. A. (N. S.) 621; *Farquhar v. Sherman et al.,* 22 Okla. 17, 97 Pac. 565; *Insurance Co. v. Davis,* 59 Kan. 521, 53 Pac. 856.

We have examined the foregoing authorities, and it is apparent that, in each of the cases cited, the exception was a general exception and did not challenge specifically each individual instruction. In the case at bar, the exceptions were taken at the time the instructions were given, and pointed out specifically the several instructions complained of, giving to the trial court ample opportunity to know, before the instructions were given, the several separate instructions complained of, and this case therefore does not come within the authorities cited.

It is contended that, inasmuch as the petition alleged an express warranty that the two mares were sound, well, gentle, well-broken, and good breeders and the evidence supported these allegations and the court properly instructed the jury on the law of express warranties, it was error for the court to give an additional instruction relative to implied warranties; there being no allegation in the petition nor any proof of an implied warranty in the trial of the case. The court instructed the jury relative to implied warranties as follows:.

"Third. If property is sold to any person for any particular purpose, there is an implied warranty that such property is reasonably suitable for the purpose intended, and if the party selling knows that the party buying is making the purchase for such particular purpose, and there are no obvious or apparent things existing in connection with such property that the purchaser can

plainly see that it would not answer such purpose, there is an implied warranty on the part of the seller that it is reasonably suited for such purpose."

This instruction was erroneous, because it permitted recovery for the breach of an implied warranty not alleged in the petition, the nature and terms of which warranty were not defined. The recovery must be upon the particular warranty alleged, and an instruction which does not conform to the issue should not be given.

The testimony as to the express warranty was very conflicting; the plaintiff testifying that the defendants warranted the animals to be sound, well, gentle, well-broken, and good breeders. This was denied by the defendants, and in view of the conflicting condition of the testimony as to the express warranty it was error for the court to instruct the jury relative to an implied warranty, as such instruction could only confuse the jury as to the real issue and cause them to draw an incorrect inference from the pleading and the evidence. Upon an allegation of damage for breach of an express warranty, no recovery can be had upon a claim of implied warranty, as an express warranty excludes an implied warranty. *Pemberton v. Dean,* 88 Minn. 60, 92 N. W. 478, 60 L. R. A. 331, 97 Am. St. Rep. 503; *Texas Star Flour Milling Co. v. Moore* (C. C.) 177 Fed. 745; *Reynolds v. General Electric Co.,* 141 Fed. 551, 73 C. C. A. 23; 16 Current Law, 1989; *Christierson v. Hendrie & Bolthoff Mfg. & Supply Co.,* 26 S. D. 519, 128 N. W. 603; 15 A. & E. Enc. of Law (2d Ed.) p. 1249; *Osborne & Co. v. Walther,* 12 Okla. 20, 69 Pac. 953; *Kennedy v. Goodman,* 39 Okla. 470, 135 Pac. 936.

Inasmuch as the plaintiff relies in his pleadings and evidence upon an express warranty, the court should have limited the recovery to a breach of the express warranty. The cause should, therefore, be reversed and remanded.

By the Court: It is so ordered.