**HENTHORN et al. v. TIDD et al.**

No. 7773—Opinion Filed Nov. 21, 1916.

Rehearing Denied May 15, 1917.

(164 Pac. 783.)

(Syllabus by the Court.)

1. **Judgment—Judgment on Petition and Separate Answer—Conclusiveness as Between Defendants.**

Where two persons are sued in the same action, and one of them files a separate answer to the petition not in the nature of a cross-petition against his codefendant, and

such codefendant makes default, a judgment on the issues joined by the petition and separate answer will not necessarily conclude and determine any of the merely relative rights of the defendants as between themselves.

**2. Appeal and Error—Instructions—Necessity of Exception—Review.**

Where the case-made fails to show that any exceptions were taken to instructions given at the trial, the Supreme Court will not consider errors assigned upon the giving of such instructions.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by A. E. Tidd against A. J. Henthorn, J. F. Kellerby, and P. M. Mowry. Judgment for plaintiff, and defendants Henthorn and Kellerby bring error. Affirmed.

Wm. P. Harper, for plaintiffs in error.

Ledbetter, Stuart & Bell and H. A. Kroeger, for defendants in error.

HARDY, J. Defendant in error A. E. Tidd was plaintiff below, and will be so designated. Plaintiffs in error, A. J. Henthorn and J. F. Kellerby, and defendant in error P. M. Mowry were defendants below, and will be so designated herein.

Plaintiff brought this action for damages, alleging: That defendants had entered into an unlawful combination and conspiracy to cheat and defraud plaintiff out of certain property in Oklahoma City by exchanging therefor certain lands situated in Lane county, Kan., and in furtherance of said conspiracy falsely and fraudulently misrepresented to plaintiff the location, character, and value of said land, and also the condition of the title thereto; and in pursuance of said false and fraudulent misrepresentations, upon which plaintiff relied, an exchange of properties was consummated. That said representations were false, and by reason thereof plaintiff was damaged in the amount claimed. Defendants Henthorn and Mowry answered by general denial, and defendant Kellerby filed amended and supplemental answers, in which issue was joined upon the allegations of plaintiff's petition, and he further pleaded that by reason of a judgment theretofore rendered in certain litigation to which both plaintiff and defendant Kellerby were parties, the matters and things herein involved were adjudicated and determined, and by reason of said judgment plaintiff was estopped to maintain this action. The issues were submitted to a jury, which returned a verdict in favor of plaintiff, and defendants Henthorn and Kellerby bring the case here.

It is contended that the court erred in holding that plaintiff was not estopped to maintain this action by the judgment set up in the answer of defendant Kellerby, and in overruling the defendants' motion to direct a verdict in their favor. The answer of defendant Kellerby alleged that in case No. 12944, theretofore pending in the district court of Oklahoma county, entitled A. S. Works, Plaintiff, v. A. E. Tidd, J. F. Kellerby, and another, Defendants, it was alleged by plaintiff that one James Bottomly sold and conveyed certain premises to A. E. Tidd, who assumed a certain mortgage thereon and agreed to pay same as a part of the purchase price thereof, as shown by deed conveying said premises from said Bottomly to said Tidd; that thereafter said Tidd sold and conveyed said lands for a valuable consideration to defendant Kellerby, and as a part of the purchase price of said property said defendant Kellerby assumed and agreed to pay the amount of said mortgage due thereon, and thereby became liable and agreed to pay plaintiff therein said sum, and plaintiff in said action prayed for judgment against both Tidd and Kellerby on their agreement to assume and pay the mortgage indebtedness due upon said premises, and for foreclosure of his mortgage. Tidd made default, and Kellerby answered in that action; the material portions of his answer being that he disclaimed any interest in or to the lands covered by the mortgage, set out in plaintiff's petition, and further alleged that at one time he contracted orally for the purchase of said lands, but that said contract of purchase was never consummated, and denied that he had assumed the payment of said mortgage indebtedness. The premises upon which foreclosure therein was sought are one and the same as those out of which plaintiff herein alleges he was cheated and defrauded by defendants. That case proceeded to judgment, and a decree was entered in which the court found that defendant Tidd had assumed the payment of said note and mortgage, and further found that defendant Kellerby had disclaimed any interest in and to said lands, and therefore had no interest therein, and ordered a sale of said property to satisfy said judgment. No cross-petition was filed either by Tidd or Kellerby against the other and no adjudication was had as to their respective rights in the premises. It is insisted here that the judgment rendered therein conclusively determined that no exchange of lands had been in fact consummated, and that the plaintiff Tidd was by said judgment estopped to assert to the contrary. The theory of the law is that when matters have been once fully investigated between parties and finally adjudicated by a court of competent judisdiction, the same matters shall not be

again litigated, and the principle is well established and declared in a multitude of decisions that a right, question, or fact which has previously been determined must be taken as conclusively established between those who were parties to the former litigation and those standing in privity of interest with them. Pratt v. Ratliff, 10 Okla. 168, 61 Pac. 523; Cowan v. Maxwell, 27 Okla. 87, 111 Pac. 388; Woodworth v. Hennessey, 32 Okla. 267, 122 Pac. 224; McDuffie v. Geiser Mfg. Co., 41 Okla. 488, 138 Pac. 1029; Pioneer Telephone & Telegraph Co. v. State, 40 Okla. 417, 138 Pac. 1033; Prince v. Gosnell, 47 Okla. 570, 149 Pac. 1162.

The present case does not come within this rule. There were no issues joined between Tidd and Kellerby in the former suit, and consequently their respective interests as against each other were not involved, nor determined. A case in point is Keagy v. Wellington National Bank, 12 Okla. 33, 69 Pac. 811. The plaintiff in that action brought suit to recover upon a certain note made by defendant, and answer was filed pleading that the matters were res adjudicata. The opinion discloses that prior to that action defendant Keagy had executed a note to the Southern Kansas Mortgage Company, which note was secured by mortgage upon certain lands in Sumner county, Kan. The note had been assigned to one Hyatt, who, upon default being made thereon, brought an action in Kansas upon said note, asking for foreclosure of his mortgage. The plaintiff bank was made codefendant with Keagy, but made default. Judgment went against Keagy, and the mortgaged premises were sold to satisfy plaintiff's lien. In the opinion the court said:

"If the bank had any lien upon the real estate it might have set up its interest by way of cross-petition and had its lien or interest determined in so far as it affected the interest of Hyatt, but a failure to do this does not affect any right the bank had against Keagy, its codefendant. It was not called upon in that action to litigate its differences with Keagy, but to assert any claims it had adverse to Hyatt, the plaintiff; or, failing so to do, be barred so far as his rights were concerned."

The rule of law announced by the court in the syllabus of the opinion is stated thus:

"Where two persons are sued as codefendants, and answer separately, and not by way of cross-petition, or make default, the judgment of the court adjudicating the rights of the plaintiff as against such defendants will not be res adjudicata as to any of the merely relative rights as between the defendants themselves."

The court in its opinion quotes approvingly from Harvey v. Osborne, 55 Ind. 535, the following expression:

"Where two parties are sued in the same action, and one files a separate answer to the complaint, and not in the nature of a cross-complaint against his codefendant, such codefendant cannot, under our Code of Practice, demur or reply to, or join issue in any manner upon such separate answer. And in such case, the finding and judgment of the court, on an issue joined on such separate answer by plaintiff, will not necessarily conclude and determine any of the merely relative rights of the defendant, as between themselves."

In De Watteville v. Sims, 44 Okla. 708, 146 Pac. 224, it was held that a judgment foreclosing a materialman's lien against a number of defendants, including a holder of a mortgage lien, who did not set up his mortgage in that action, would not preclude the latter from foreclosing his mortgage as against his codefendants in the first foreclosure, who acquired no interest in the property under or by reason of the first foreclosure, and were not privies to the plaintiff therein, and whose conflicting or hostile claims against said mortgage were not in issue, nor litigated in the first proceeding. 23 Cyc. 752; Jackson v. Lemler, 83 Miss. 37, 35 South. 306; Miller v. Gillespie, 59 Mo. 220; Jones v. Vert et al., 121 Ind. 140, 22 N. E. 882, 16 Am. St. Rep. 379; Hoxie v. Farmers' & Mechanics' Bank, 20 Tex. Civ. App. 462, 49 S. W. 637; Smith Bros. & Co. v. N. O. & N. E. R. Co. et al., 109 La. 782, 33 South. 769. The plea of former adjudication was not well taken, and the court committed no error in refusing to direct a verdict for defendants.

Error is assigned upon the giving of certain instructions by the court at the trial, but an examination of the case-made fails to show that any exceptions were taken thereto at the time. This being true, the rule announced that this court will not review an instruction given by the trial court, unless exceptions were taken thereto at the time of the trial, would preclude consideration of the errors assigned. Everett v. Akins, 8 Okla. 184, 56 Pac. 1062; Boyd v. Bryan, 11 Okla. 56 65 Pac. 940; Finch v. Brown, 27 Okla. 217, 111 Pac. 391; Stigler v. Wiley, 36 Okla. 291, 128 Pac. 118.

The judgment is affirmed.

All the Justices concur.