## DETRICK *v.* McGLONE ET AL.

PRACTICE.—*Supreme Court.*—*Demurrer.*—If a demurrer to a pleading is not in the record, no question can be decided with reference to the overruling of a demurrer to the pleading.

PROMISSORY NOTE.—*Answer.*—*Want of Consideration.*—In a suit upon a promissory note given for a patent right, where a want of consideration is pleaded in answer, the facts that the patented machine was tested and found worthless, and that the defendant offered to rescind the contract, will not defeat a recovery upon the note.

INSTRUCTIONS.—*Inference of Law.*—Where instructions are signed by the judge and copied in the transcript, with the exceptions properly noted by counsel, it will be inferred that they were filed with the clerk, as contemplated by the statute.

TRIAL.—*Separation of Witnesses.*—A judgment will not be reversed on account of a refusal to order a separation of witnesses.

PRACTICE.—*Failure to Reply.*—A failure to file a reply is no reason for the reversal of a judgment; the presumption is that it was waived.

From the Hamilton Circuit Court.

*T. J. Kane* and *A. F. Shirts,* for appellant.

*J. W. Evans* and *R. R. Stephenson,* for appellees.

DOWNEY, J.—This was an action by the appellant against the appellees. The complaint is in two paragraphs. The first is on a promissory note executed by the defendants to the plaintiff. The second was for goods sold and delivered.

The defendants filed an answer in four paragraphs. 1st. The general denial. 2d. No consideration for the note sued on. 3d. That the note was obtained by fraud in the sale of a patent right. 4th. By way of cross complaint.

The plaintiff demurred to the answer, as the clerk's entry states, but it does not appear in what form or for what cause, as the demurrer is not in the transcript.

The demurrer was overruled. A second trial by jury resulted in a verdict for the defendants, but without assessing any damages in their favor, as asked in the cross complaint. A motion was made by the plaintiff for a new trial, which was overruled, and final judgment rendered against him.

The errors properly assigned are the overruling of the plain-

tiff's demurrer to the third and fourth paragraphs of the answer of the defendants, and the refusal to grant a new trial.

We can decide nothing with reference to the sufficiency of the answer, or any paragraph of it, for the reason which we have stated. The demurrer is not in the record. From the clerk's entry, it appears to have been a demurrer to the whole answer. If it was, it was properly disallowed, as some of the paragraphs, the first and second, were clearly good.

On the other ground, however, we think the judgment must be reversed. The giving of the second, among others, of the charges given, was made a ground of the motion. That charge is as follows: "And if, under the second paragraph of the answer, you believe from a preponderance of the evidence, that the defendants properly tested the machines and patent right referred to, and that the same was worthless, and that the defendants offered to rescind the contract before this suit was instituted, the defendants should recover, and you should, in that event, find for the defendants." This instruction assumes that if the defendants properly tested the machines and patent right, and they were worthless, and the defendants offered to rescind the contract before suit, the jury should find for the defendants. We think this charge is not correct. To make it correct, the court should have instructed the jury that there must have been fraud or a warranty shown. With this addition, conceding that such defence was admissible under the second paragraph, the instruction might have been correct. It is objected by counsel for the appellees, that the record does not show that the instructions were ever filed with the clerk, and as they are not in any bill of exceptions, they are not, therefore, properly in the record. The statute provides that "all instructions given by the court must be signed by the judge and filed, together with those asked for by the parties, as a part of the record." The instructions in this case appear to have been signed by the judge. They are copied in the transcript with the exceptions properly noted by counsel, and

we think it should be inferred that they were filed with the clerk as contemplated by the statute to which we have referred.

There are several other questions which counsel have discussed, but which, we think, are not properly presented. The question as to the admissibility of parol evidence, to add to the written contract, would claim serious attention, if the ground of objection to the evidence had been pointed out in the circuit court. But as it was not, we can not sustain the objection on the ground now presented. But see *McClure* v. *Jeffrey*, 8 Ind. 79.

Upon the question relating to the refusal of the court to order a separation of the witnesses, we could not reverse the judgment, as that is a matter in the discretion of the court.

The failure to file a reply is no reason for a reversal of the judgment. We must presume the filing of it was waived. It was the plaintiff's own fault that he did not reply. He can not now, with fairness, urge the objection.

We agree with counsel for the appellee, that the whole record is in a very bad state of confusion, but we think we can see that the case was not well tried, and for the error in the instruction of the court, which we have stated, the judgment must be reversed.

The judgment is reversed, with costs, and the cause remanded.