### W. T. BEARD v. J. H. MILLER.

#### (No. 6724.)

APPEAL from Fannin County. Opinion by HURT, J.

R. B. SEMPLE, counsel for appellant.

No counsel appeared for appellee.

§ **76.** *Certiorari; petition for need not set out verbatim the testimony at the trial; substance of all the evidence sufficient.* Appellant moved to dismiss the *certiorari* upon the ground that all the evidence, in substance, adduced on the trial in the justice's court must be alleged in the petition for *certiorari;* that the conclusions of the pleader will not suffice, and that this was not done. The petition need not set out *verbatim* the testimony of each witness, nor the exact contents of written documents. If the petition gives the substance of the evidence, from which it appears that injustice has been done, alleging that no other evidence was before the court, it is sufficient. We are of opinion that the petition is sufficient in this respect.

§ **77.** *Damages; remittitur of.* Appellant's third assignment: The court erred in accepting defendant's *re-*

*mittitur* of the excessive damages awarded by the jury, such damages being entirely a question for the jury and not a question of law for the judge." The appellee remitted all the damages, so called, awarded by the jury. This he had the right to do, whether the amount recovered by him was damages or in the nature of an offset. [Railway Co. v. Wilkes, 68 Tex. 617.]

§ **78.** *Charge of court; error in without injury.* Appellant's fourth assignment: While it is true that the court erred in charging the jury "that the measure of damages in case of a verdict for defendant was the difference between the value of the mule as diseased when sold and the price agreed to be paid by appellant," the true measure being the value of the mule with her defects when sold and her value as warranted, still, if the market value was the same as the price agreed upon, there was no injury to appellant. [Jacoby v. Brigman (Tex.), 7 S. W. Rep. 366.]

April 19, 1890.                    .                    Affirmed.