C. AULTMAN & COMPANY, a Corporation, Appellant, v. J. C. GINN, Respondent.

**1. Measure of Damages on Breach of Warranty.**

The measure of damages on breach of warranty on sale of personal property being the difference between what it would have been worth had it been as warranted and its actual value, *held* reversible error to allow defendant's counsel to ask a witness to testify as to the value of the machine, a self-binding harvester, on the assumption that it was useless, the evidence clearly showing that it could be, and was in fact,

used, although it failed to bind all the sheaves; the answer to such question being prejudicial.

(Opinion Filed January 13, 1891.)

*A*PPEAL from district court, Pembina county; HON. WILLIAM B. MCCONNELL, Judge.

Action on promissory notes. Answer admits execution and delivery of notes; alleges that they were given for a self-binding harvester, which was sold to defendant with a warranty that it was made of proper materials and was suitable for purpose of cutting and binding grain; that defendant relied on the warranty in buying the machine; that in fact it was useless for said purpose, that in trying to use said machine and through its failure to work defendant suffered damage to amount of $200.00; that he had paid on the purchase price of the machine $92.00; and demanded judgment for $292.00 and costs. Reply denied the allegations of the answer setting up a counter claim, and set out the terms of the warranty. Verdict for plaintiff in sum of $20.00. Plaintiff appealed. Thirteen assignments of error were made and argued by appellant's counsel, only one of which is considered by the court.

W. J. Kneeshaw and Cy. Willington for appellant cited on the point discussed in the opinion: Osborne v. Marks, 33 Minn. 56.

T. W. Gaffney, for respondent, filed no brief.

CORLISS, C. J. Under the pleadings the defendant in effect became plaintiff. He admitted plaintiff's cause of action, and sought to recoup damages for breach of warranty on sale of a self-binding harvester for which the notes sued upon were given. So far as the machine was concerned, the measure of defendant's damages on breach of warranty was the difference between the value of the machine had it been as warranted and its actual value at the time of delivery. Comp. Laws, § 4593. There being no evidence to the contrary, the presumption is that the property would have been worth the contract price had it been as warranted. In receiving evidence as to its actual value, the court erred in allowing this question to be answered: "I will ask

you what a self-binder is worth that fails to be useful as a machine of that character, if it is no use as a binder or harvester?" The question was properly objected to, and over this objection the witness was allowed to answer: "It ain't worth anything." The answer was very damaging. There was nothing in the case to warrant such an inquiry. There was no trouble except with the binder, and a careful examination of the plaintiff's own testimony on cross-examination discloses the fact that the defect in the binder was not a very serious one. He said that there was no trouble in cutting or elevating the grain; that the only difficulty was in binding, and the breaking of sway-bars; that it would not bind over half of the grain. The hypothetical question that we have quoted assumed a state of facts not only unwarranted, but in direct opposition to the evidence as it fell from the plaintiff's own lips. For this error the judgment must be reversed, and a new trial ordered. No other question will be considered, because the respondent has failed to file any brief in support of his judgment. All concur.