## Mrs. E. WILBUR v. B. P. LANE.

### Decided January 13, 1909.

**1.—Certiorari—Approval of Bond—Statute Construed.**

When an applicant for certiorari from a Justice to a County Court obtains the order of the county judge for the writ and actually files with the county clerk a sufficient bond within ninety days from the final judgment in the Justice Court, the fact that the county clerk did not approve the bond until after the ninety days is not ground for dismissing the certiorari in the County Court. The approval of the bond within the ninety days is not required by articles 346 and 347, Revised Statutes.

**2.—Same—Second Application—Statute Construed.**

The fact that an applicant for a writ of certiorari from a Justice to County Court has made one ineffectual effort to procure said writ, is no ground for the dismissal of such writ when granted in due time on a second application. Article 354, Rev. Stats., which provides that no amendment of the affidavit or bond shall be made in the County Court nor shall a new affidavit and bond be filed, has no application to such case.

**3.—Same—Order of Judge—Date—Presumption.**

It will be presumed that the order of a judge granting a writ of certiorari was endorsed on the application therefor when it was filed with the county clerk, and if the application was filed in time, the order must have been made in time.

**4.—Same—Jurisdiction of County Court.**

The fact that the original papers in a suit in a Justice Court were not in the custody of the justice when an application for certiorari to the County Court was granted, said papers having been sent to the County Court with a former application for certiorari, would not affect the jurisdiction of the County Court.

**5.—Same—Same.**

Pending a motion to dismiss a certiorari to a Justice Court for insufficiency in the application, a second application was filed and a second writ

was issued, served and returned; the motion to dismiss the first writ was afterwards granted. Held, the issuance of the first writ did not affect the jurisdiction of the County Court to grant the second writ. In contemplation of law and for all purposes of the certiorari the first application was dismissed when the second application was filed.

### 6.—Same—Application for—Sufficiency.

In an application for certiorari to a Justice Court by a defendant against whom a judgment by default had been rendered, a general averment that the applicant did not owe the plaintiff anything and that he was prevented from making an appearance and defense by severe sickness, was sufficient to entitle him to the writ.

### 7.—Attorney and Client—Suit for Contingent Fee—Proof.

In a suit by an attorney against his client for the value of a fee contingent upon recovery, and in which plaintiff alleged that the conduct of the defendant client was responsible for the failure to recover judgment, the burden of proof is upon the attorney to establish that fact before he would be entitled to a judgment even by default.

Appeal from the County Court of Bexar County. Tried below before Hon. P. H. Schook.

*T. H. Ridgeway,* for appellant.

*Storms & Storms,* for appellee.

JAMES, Chief Justice.—Appellee recovered judgment by default against appellant in the Justice's Court. She applied for a writ of certiorari, which was granted, but which was afterwards dismissed upon a motion of appellee. The action of the court in sustaining that motion is the subject of this appeal.

The first ground of the motion is that the writ was not granted within ninety days. The petition was granted by the county judge on June 6, 1908, which was the eighty-ninth day. On the same day the bond which the judge required was filed with the clerk. In other words, it appears that the appellant, within the ninety days, obtained the judge's order for the writ and actually filed with the clerk a bond, which proved to be sufficient, and the point is that the writ, which the clerk afterwards issued, was void because he did not approve the bond until after the ninety days. We hold the point not well taken. The approval of the bond within ninety days is not prescribed.

The second ground of the motion is that the writ was issued contrary to article 354, which says "No amendment of the affidavit or bond shall be made in the County Court, nor shall a new affidavit and bond be filed." This point is based upon the fact that a previous writ of certiorari had been obtained, which proceeding appellee on June 5, 1908, moved to dismiss for insufficiency of the petition. The next day after this motion was filed the present and second application for a writ was made, probably to get away from the difficulty suggested by the motion to dismiss. The contention of appellee is that the second proceeding was in reality nothing more than an attempt to amend or substitute the affidavit and bond, which the statute says shall not be done.

We think that the Legislature did not intend to prohibit more than one application for the writ. If it did, it could easily, and presumably would, have said so. The article mentioned prohibited any amendment or substitution of the affidavit or bond, and this provision can be given effect by confining its application to the affidavit and bond in the particular proceeding. In attachment cases the rule in this State is also that the affidavit and bond upon which the writ is issued can not be amended, yet it would not be contended that this rule would preclude another original proceeding to obtain such writ upon another affidavit and bond. We hold that the right to the writ of certiorari is not exhausted by a futile attempt to obtain one, provided the subsequent application is in time.

The third ground of the motion to dismiss was that the order of the judge granting the writ is not dated, and the order itself should show its date, and thereby appear to have been made within the ninety days. The presumption is that the endorsement was upon the application when the same was filed with the clerk.

The fourth ground is that the transcript shows that the original papers were not in the Justice's Court, and had not been there since March 27, 1908, but that same were sent to the County Court under the former writ of certiorari, thereby taking the case out of the jurisdiction of the Justice's Court. There is nothing substantial in this objection. The record shows that on June 13, 1908, the transcript from the Justice's Court was filed in the County Court, and it appears that on June 9, 1908, plaintiff's petition in the Justice's Court was file-marked in the County Court. The judgment in the Justice's Court being by default, this probably was the only paper in the case. The transcript of the justice certified that the original papers had been sent up to the County Court on the former certiorari, on March 27, 1908, and were then in the County Court.

The fifth ground of the motion was that the County Court acquired no jurisdiction under the writ, because the same was issued, served and returned at a time when the Justice's Court had no jurisdiction of the cause. This ground has probably for its basis the theory that the cause had at that time been removed to the County Court by a previous writ which had not been dismissed. We think the first application being afterwards dismissed for insufficiency, upon a motion to dismiss which was on file at the time the second application was presented, it was, in contemplation of law and for all purposes of the writ of certiorari, dismissed when the second application was filed. That is to say, the applicant would not under those circumstances have to await the court's action upon the motion and thereby possibly let the ninety days go by and lose his right to the writ altogether. When the motion was granted the action of the court related back to the time the motion was filed.

The sixth ground is that the affidavit or application showed no valid defense in that it does not aver that the dismissal of the suit against Fox was not due to applicant's own inexcusable neglect. The eighth ground is that the application fails to set up any defense whatever to appellee's suit. Plaintiff's statement of his cause of action, as filed in the Justice's Court, was as follows: "This suit is

brought by B. P. Lane, plaintiff, against Mrs. E. Wilbur, defendant, a feme sole, and a resident of Bexar County, Texas, for the sum of one hundred and ten dollars, balance due for legal services. That said amount is due and unpaid and demand therefor has been made of defendant. Wherefore plaintiff prays that defendant be cited to appear at the next regular term of this honorable court, and that upon final hearing hereof he have judgment for his debt in the sum of $110 and for costs of suit, and for general and special relief."

The application states that the only testimony upon which the judgment was had in the Justice's Court was that of plaintiff Lane, who testified that $100 of the amount sued for was due him as one-half of the amount he would have received had he recovered a judgment in Mrs. Wilbur's suit against Fox; that he had a contract with Mrs. Wilbur whereby he was to receive one-half of the amount he might recover in her suit against Fox, but that the suit was dismissed on account of her not attending the trial; that he, Lane, offered no evidence to show that a judgment could have been recovered against Fox had the same been tried, and that she (the applicant) does not owe Mr. Lane anything whatever and has a valid defense to his cause of action, and that she was prevented from setting up her defense on account of sickness which existed when she was served with citation and when the cause was tried, and she was thereby unable to make her defense or to procure anyone else to attend court and present her defense, being confined to her bed continuously after she was served and until after the trial and was on account of her sickness unable to attend court, and judgment was rendered against her by default.

Sickness is a sufficient excuse. (Cordes v. Kauffman, 29 Texas, 180.) The testimony alleged, and upon which the judgment was had, was insufficient to show liability. See Patterson & Wallace v. Frazier, 79 S. W., 1077, where it was held that in order to hold an attorney liable for neglect in attending to his client's case whereby the cause of action was lost, it is necessary to establish as a fact that it would otherwise not have been lost. We think the same rule must apply to a suit by an attorney for a fee contingent upon recovery in a certain suit where the conduct of the client is responsible for its loss. The showing made by the application indicates that the applicant has a defense. However, it has been held that a general statement in the application that the applicant did not owe the plaintiff anything on the suit and that she was prevented from making an appearance and defense by severe sickness was sufficient to entitle her to the writ. Ahrens v. Giesecke, 9 Texas, 433. See also Jones v. Nold, 22 Texas, 382; Stuart v. Mau, Texas App. Civ. Cases, sec. 784; Beard v. Miller, 16 S. W., 655.

The remaining grounds of the motion are practically disposed of by what has been said.

We conclude the motion ought not to have been sustained.

*Reversed and remanded.*