## NETTOGRAPH MACH. CO. v. BROWN *et al.*

No. 657.   Opinion Filed March 21, 1911.

(114 Pac. 1102.)

1.   **SALES—Implied Warranty—Patented Machines.** The law implies a warranty in a contract for the sale of patented machines that they are reasonably adapted to the purpose for which they are made.

2.   **PATENTS—Sale of Right—Failure of Consideration.** In a suit on a promissory note made, executed, and delivered by defendants to plaintiff for their share of the purchase price of a patent right, where the answer pleaded a failure of consideration, the court did not err in charging, in effect, that the jury should find for the plaintiff, unless the machines were not reasonably suited to the uses for which they were made.

(Syllabus by the Court.)

*Error from Oklahoma County Court; J. H. Everest, Special Judge.*

Action by the Nettograph Machine Company against A. J. Brown and others.  Judgment for defendants, and plaintiff brings error.  Affirmed.

*E. G. McAdams* and *J. H. Grant,* for plaintiff in error.
*Burwell, Crockett & Johnson,* for defendants in error.

TURNER, C. J.  On March 6, 1904, the Nettograph Machine Company, plaintiff in error, sued Jennie Brown and A. J. Brown, in the county court of Oklahoma county, on their one certain promissory note, dated September 24, 1903, for $600, payable 90 days thereafter, together with interest and attorney's fees.  Before issue joined E. C. Trueblood, administrator of the estate of said Jennie, was made a party plaintiff.  Considering only certain paragraphs not eliminated by demurrer, defendants, after general denial, for answer admitted the execution of the note, but for defense thereto pleaded substantially that the same was given for a part of their share of the purchase price of 60 Nettograph slot machines purchased of plaintiff, together with the right to sell and use the same in Oklahoma and Indian Territory; that the same was a patent device designed to operate in public places by dropping a nickle in a slot in said machine, wherein a certain apparatus would produce a picture under an electric light and sing a song; that plaintiff had breached its contract of warranty in the sale of said machines, in that the same were worthless and were of no practical utility for the purpose for which they were made, and hence the consideration for said note had wholly failed, and sought to recoup damages to the amount thereof and in a sum certain, alleged to have been sustained in repairing said machines, so that they would work as designed, and in a further sum certain, alleged to have been sustained in traveling expenses from place to place where said machines were located in said territory, and prayed that the same be set off against said note in full liquidation thereof.  After reply, and a motion by plaintiff to require defendants to elect whether they would rely on a breach of warranty or fraud and a rescission of the written contract entered into between plain-

tiff and defendants at the time of the sale of the property had been overruled, there was trial to a jury which resulted in judgment for defendants, and plaintiff brings the case here.

The first error complained of is that the court erred in overruling plaintiff's said motion. We do not think so, for the reason that after certain defenses were eliminated by plaintiff's demurrer there only remained the defense, as stated, in paragraphs 1 and 4 of the defendants' answer. Under this view of the pleadings, it is unnecessary for us to determine as a matter of law whether defendants waived their right to rescind said contract by reason of certain acts on their part, as insisted by counsel for plaintiff. What defendants did here was to stand upon the contract and sue for a breach of warranty.

To maintain the issues on their part defendants introduced in evidence said contract. It was dated August 20, 1903, and, in effect, provided that plaintiff, for a certain consideration of which the note in question represented a part, sold defendants the exclusive right and license to sell, use, lease, and employ and license others to sell, use, lease, and employ, for and within Oklahoma and Indian Territories, a certain device known as the "Nettograph Machine," patented, owned, and controlled by plaintiff, together with 60 of said machines and 60 sets of pictures and phonograph records. "All of said machines to be equipped with one set of pictures and one phonograph record complete, all in working order." Pursuant to this contract, the note sued on was executed, and the first shipment of the machines in question delivered to defendants. Besides there being printed on them instructions for their operation, the contract further provided for the protection of defendants in the use of said machines and against competition by all who "shall hereafter use and operate within the territories of Oklahoma Territory and Indian Territory for the purpose of profit, devices for the illustrating of song or dialogue, which will infringe upon the patents or a patent owned by said party of the first part at this date, covering the

devices, or patents, patent or device, employed in said 'Coin Controlled Nettograph Machine.' "

It is useless to set forth defendants' testimony in detail in support of this issue. It is sufficient to say the undisputed testimony discloses that the machines were worthless and of no practical utility for the purpose intended by the patentee, and the jury, in effect, so found. We will not disturb the verdict, unless, as is contended, that as no express warranty is contained in the contract the court erred in instructing the jury, in effect, that there was, on the part of the plaintiff, an implied warranty that the machines were reasonably fit for the purpose for which they were made. There was no error in this. 1 Daniel on Negotiable Instruments, § 203, says:

"Where the patented machine is worthless and unsuited to the purpose for which it was made, the consideration of a note given for the right to sell it totally fails. The adoption of a machine to the uses for which it was made is always warranted. So generally, if the thing purchased was utterly worthless when purchased, there is a total failure of consideration."
—citing *Smith v. Hightower*, 76 Ga. 630; *Herman v. Gray*, 79 Wis. 183, 48 N. W. 113; *Comings v. Leedy et al.*, 114 Mo. 454, 21 S. W. 804. See, also, *Aultman Miller & Co. v. Hunter*, 82 Mo. App. 632; *Skinner v. Kerwin, etc., Co.*, 103 Mo. App. 650, 77 S. W. 1011; *Kennebrew v. Southern Automatic, etc., Co.*, 106 Ala. 377, 17 South. 545; *Detrick v. McGlone et al.*, 46 Ind. 291.

In *Comings v. Leedy, supra*, the answer to a suit in ejectment set up, among other defenses, that the note and deed of trust under which plaintiff claimed title were without consideration and that the defendant, Mary A. Leedy, was the owner of the property. The facts were that said note and deed of trust had theretofore been executed by said Mary and her husband and delivered to the two owners in purchase of a certain patent right called a "sadiron" and by them indorsed, without recourse, to plaintiff. The "sadiron" was worthless. The court said:

"The only consideration for either of the notes was the right to the state of Colorado, in the patented iron, which the evidence

shows is worthless and unsuited to the purpose for which it was made. The adaption of a machine to the uses for which it is made is always warranted. *Smith v. Hightower*, 76 Ga. 630; Daniel on Negotiable Instruments, § 203, p. 226. So generally, if the thing purchased was entirely worthless when purchased, there is a total failure of consideration. *Arnold v. Wilt*, 86 Ind. 367; *Brown v. Weldon*, 27 Mo. App. 251. There is a total absence of consideration for either of the notes."

*Smith v. Hightower, supra,* was a suit on a promissory note. One plea was that the note was given in consideration of the exclusive right to sell two patents, one for "patent grazers" and the other "patent buggy attachments," in the counties of Johnson and Laurens; that the machines were worthless and the consideration had failed. The machines were worthless and unsuited to the purpose for which they were made, and the jury so found. In discussing the overruling of a demurrer to the plea, the Supreme Court said:

"It rested on the ground that defendant did have the right to sell in those counties, and, therefore the consideration did not fail; but it is hard to understand of what value is the exclusive right to sell a worthless thing, totally unfitted for the use for which it was manufactured; and, if valueless, we do not see where the consideration to sell it can be found. Its adaptation to the use for which the machine is made is always warranted."

In the light of which we cannot say the court erred in so charging and in refusing to charge as requested, in effect, that before defendants can defeat the action on the plea of failure of consideration they must show the machines were useless in the sense that will avoid the patent, having, as we think, fairly covered that phase of the case in its charge, which we have carefully examined and which had substantially the force and effect of the charge in *Smith v. Hightower, supra.*

For the reason that it is apparent from the contract and from the instructions stamped upon the machines, and from the practical demonstration of the workings thereof by plaintiff's agent before the sale, that they were "Coin Controlled," and designed to work by dropping a nickel in a slot, we will not consider plain-

tiff's contention that there is nothing in the record to show the use for which they were made. Neither is there anything in the contention that the court erred in admitting evidence over objection, in effect, that said agent represented to defendants, to induce a sale, that the same could be operated by a nickel only, for the reason that said error, if any, was cured when the court charged:

"You are further instructed that while some evidence was permitted to go to you that there were representations made that these machines would operate only when a nickel was placed therein that nevertheless this evidence was not within the issues of the case, no such allegation having been made in the answer, and you are therefore instructed not to consider this evidence as to these representations."

This, we think, covers all the contentions of plaintiff in error, whose counsel have failed to assign errors in their brief as required by the rules of this court.

The judgment of the trial court is affirmed.

All the Justices concur.