# GUTENBURG MACH. CO. v. HUSONIAN PUB. CO.

No. 5044.   Opinion Filed January 4, 1916.

(154 Pac. 346.)

1. **SALES—Breach of Warranty—Evidence of Value—Price.** In an action involving a breach of warranty in the sale of personal property, the purchase price is competent evidence of the value of the property if it had been as warranted.

2. **APPEAL AND ERROR—Harmless Error—Instructions.** Giving an instruction which as an abstract proposition is erroneous, but, when applied to the evidence, has the same meaning as it would have had if it were strictly correct, is not reversible error.

3. **SAME—Admission of Evidence.** Where a written contract of purchase which contains a warranty is already in evidence, the admission of a letter which does not tend to prejudice the jury nor enlarge the warranty, although it is incompetent, is not reversible error.

(Syllabus by Hatchett, C.)

*Error from District Court, Choctaw County;*
*A. H. Ferguson, Judge.*

Action by the Gutenburg Machine Company against the Husonian Publishing Company. Judgment for defendant, and plaintiff brings error. Affirmed.

*R. E. Stephenson,* for plaintiff in error.

*Stewart & McDonald,* for defendant in error.

Opinion by HATCHETT, C. This was a suit by the plaintiff in error, Gutenburg Machine Company, as plaintiff, against Husonian Publishing Company and other parties in the district court of Choctaw county on promissory notes aggregating $1,500, and interest, and for the foreclosure of a chattel mortgage on a linotype machine which was given to secure the payment of the said notes. While there were other defendants in the trial court, it was

agreed that the defendant in error here was the real defendant, and the case was tried on that theory, and it will be so considered here.

The facts show that the plaintiff had sold the linotype machine to the defendant for $2,250, part cash, and notes were given for the deferred payments and a chattel mortgage given to secure the notes; $750 had been paid, and this suit was brought to recover on the unpaid notes for the balance of the purchase price, and to foreclose the mortgage- on the machine. The defendant tendered into court as full payment of its indebtedness $250, and set up a breach of warranty in the contract of purchase, and alleged that the defendant had been damaged in the sum of $1,250, in that the machine did not prove to be as warranted. The jury returned a verdict for the defendant, and judgment was thereupon entered for the plaintiff for the amount of $250 as tendered, and the plaintiff has appealed to this court.

The following questions are presented and argued in the briefs: (1) That the evidence was not sufficient to sustain the verdict; (2) that the court misdirected the jury in its instructions; (3) that the court admitted incompetent evidence to go to the jury which was prejudicial to the plaintiff.

1. On the first proposition the plaintiff contends that the defendant failed to prove the market value of the machine if it had been as warranted, and therefore that the evidence was insufficient to show the amount of its damage. It was incumbent on the defendant to prove the warranty, the subsequent breach thereof, and the amount that it was damaged thereby. The evidence shows that the machine was bought by written order which was duly

accepted by the plaintiff, and that it contained the following provision:

"It is understood and agreed that the Gutenburg Machine Company guarantees the above-described linotype to have been carefully repaired and to be capable of doing as good work as can be done with a new machine of the same kind, when in the hands of a competent workman."

It is also shown that there were a number of defective parts, and that a considerable sum of money was soon expended on it for repairs and new parts, and that it was capable of doing about 50 or 60 per cent. as much work as a new machine of the kind would do; that the purchase price agreed to be paid was $2,250, and witnesses testified that its value in the condition in which it was received was from $500 to $1,200, the jury evidently finding that it was of the value of $1,000.

Section 2865, Rev. Laws 1910, is as follows:

"The detriment caused by the breach of a warranty of the quality of personal property, is deemed to be the excess, if any, of the value which the property would have had, at the time to which the warranty referred, if it had been complied with, over its * * * value at that time."

And the rule in this state, as well as the great weight of authority of the other states, is that the measure of damages for the breach of a warranty of the quality of personal property is the difference between the value of the property had it been as warranted and its actual value with the defects. *Wiggins v. Jackson*, 31 Okla. 292, 121 Pac. 662, 43 L. R. A. (N. S.) 153; *Spaulding Mfg. Co. v. Holiday*, 32 Okla. 823, 124 Pac. 35; *Spaulding Mfg. Co. v. Cooksey*, 34 Okla. 790, 127 Pac. 414; *Burgess et al. v. Felix*, 42 Okla. 193, 140 Pac. 1180;

35 Cyc. 468, and authorities there cited. But the purchase price is competent evidence of the value of the article purchased as warranted. *Burgess et al. v. Felix, supra;* 35 Cyc. 468-471, and authorities cited.

In *Burgess et al. v. Felix, supra,* it is said:

"Proof of the purchase price of the mares by the plaintiff, and that proof not being controverted in any manner, is strong and convincing proof of the value of the mares as warranted, and, in the absence of other evidence as to the value of said mares, the purchase price is *prima facie* their value as warranted."

In the instant case there was no evidence of the value of the machine as warranted, except the purchase price of $2,250, and under the rule announced in the last-cited case that was *prima facie* the value of the machine had it been as warranted in the contract of sale. See, also, *J. I. Case Plow Co. v Niles & Scott Company,* 90 Wis. 590, 63 N. W. 1013; *Ask v. Beck* (Tex. Civ. App.) 68 S. W. 53; *Beard v. Miller* (Tex. App.) 16 S. W. 655; *Tatum v. Mohr,* 21 Ark. 349; *C. Aultman & Co. v. Ginn,* 1 N. D. 402, 48 N. W. 336.

So we hold that in this case there was sufficient evidence for the jury to find the value of the machine as warranted, and, there being proof of the breach of warranty and the value of the machine with its defects, there was sufficient evidence to sustain the verdict as to the amount of damages.

2. As to the second proposition, the plaintiff in error contends that the trial court misdirected the jury as to the measure of damages. A portion of the instruction complained of is as follows:

"Unless you should further find that at the time the mortgage and notes were given there was a contract entered into for the purchase of certain property, and that under the terms of that contract this plaintiff warranted that property to be of certain character and certain quality, and that there has been a breach of said warranty in that it was not of that quality, and that breach is sufficient to reduce the value of that property to the extent that there is not due now over the sum of $250, then in that event it would be your duty to find for the defendant. In other words, where a contract is entered into and express warranty in the contract that the property will be of certain character, the party who makes these warranties must live up to them, and, if the property proves to be of a character different to that—that is, defective, and not of the quality warranted—and by reason of that the property is of less value than it would have been if it had been of the character and quality warranted in the contract, *then the party sued would only have to pay what the property was actually worth if he retained it.*"

As an abstract proposition of law, this instruction is clearly erroneous. It is tantamount to saying that the measure of damages would be the difference between the purchase price and the actual value of the property as received, and we have held the rule to be that the measure of damages is the difference between the value of the property had it been as warranted and its actual value as received; but in this case the only evidence of the value of the machine, if it had been as it was warranted to be, is the purchase price. The jury must have found that the purchase price was its value as it would have been if the property had been as warranted. Therefore there is no distinction in this case between the purchase price and the value of the machine had it

been as warranted, and, so far as the evidence here goes, there is no difference between the two rules for the measure of damages. We therefore hold that while, as an abstract proposition of law, the instruction was erroneous, as applied to the evidence in this case, it did not prejudice the rights of the plaintiff. See authorities above cited. The plaintiff requested an instruction which gave the true measure of damages, but the court refused to give it, and gave the one above quoted instead, but we hold in this case that it was not prejudicial error.

3. On the proposition that the court admitted incompetent evidence over the objection of the plaintiff, it seems that the contract of sale included the following warranty:

"It is understood and agreed that the Gutenberg Machine Company guarantees the above-described linotype to have been carefully repaired and to be capable of doing as good work as can be done with a new machine of the same kind when in the hands of a competent workman."

Evidence was admitted to the effect that the machine was defective, and in the hands of a competent operator it would not do substantially as much work as a new machine. The plaintiff contends that evidence as to the quantity of work that this machine would do was incompetent under this warranty. While the terms of the warranty are not as precise as they could have been made, yet we believe that they were intended to mean that this machine would do as efficient work as a new one, and certainly the efficiency of the machine would cover the amount of work that could be done on it or the speed with which it would do its work. We think

that no error was committed by the court in permitting this evidence to be introduced.

The plaintiff further contends that the court committed error in allowing the defendant to introduce in evidence the following letter:

"CHICAGO, ILL., May 13, 1909.

"Mr. R. G. Hardy, The Husonian, Hugo, Okla.— Dear Sir: In accordance with our promise, we give you herewith proposition on our rebuilt linotype machines.

"We have a number of model 1 two-letter linotypes that we are thoroughly rebuilding. These machines when received in our shop are completely taken apart and immersed in a chemical solution, which removes the paint and grease, enabling us to see the true condition of the machine. The parts of the machines are then assembled in exactly the same manner as they were when being built originally. All worn parts are thrown away and are replaced by new ones.

"We will sell one of these machines, with one magazine, one font of new two-letter matrices, that you may select from the specimen book of the linotype company, 30 new spacebands and universal mold, for $2,250, f. o. b. Chicago. Terms to responsible parties—$500.00 cash and the balance in monthly 6% notes of $50.00 each, the deferred payments being secured on the machine.

"The model 1 machine will carry all matrices from 5 pt. to 11 pt. inclusive. The Universal mold is exactly the same mold that is sent out at this time with new machines. It can be adjusted by the means of liners from 5 pt. to 14 pt. in body and to any measure up to and including 30 ems pica in length.

"We inclose herewith, a list showing the new and improved parts added to all rebuilt machines.

"We can furnish a heater for either gas, gasoline or coal oil.

"We also have a model 3 two-letter linotype machine that will be in first-class condition. This machine will carry all matrices from 5 pt. to 14 pt. inclusive. We will thoroughly overhaul it and sell it, with new matrices, new spacebands, one magazine and Universal mold, for $2,600.00 f. o. b. Chicago, taking part cash and the balance on time.

"All rebuilt machines are guaranteed to do as much work and as good work, in the hands of a competent workman, as can be had from a new machine.

"We can make shipment of a rebuilt machine at this time within two or three days from receipt of order.

"Hoping to hear further from you and to be favored with your order for one of our machines, which will have our best attention, we are, yours very truly, Gutenberg Machine Company, Will S. Menamin, President. S—ES Enc."

The letter was dated May 13, 1909, and the contract of sale was made on June 10, 1909. We do not think the letter was competent evidence in the case. When the same was offered and objection properly made, the record shows that the court asked this question:

"Do you introduce this as being part of the contract? Mr. Stewart: This shows the relationship of the parties; that's a letter from the company explaining this transaction."

Whereupon the court overruled the objection and allowed it to be introduced. It seems to us that the only purpose of introducing it was to use it to supplement the written contract of purchase. The contract purported to be complete within itself, and could not be varied by extraneous evidence. But, after a careful reading of the letter, we cannot see anything in it which could have prejudiced the plaintiff in the minds of the jury. It

seems only to inform the purchaser as to how these secondhand machines were taken apart, repaired, and put together, and the terms of sale, etc., and contains nothing which could tend to enlarge or extend the warranty in the contract of sale, except the following:

"All rebuilt machines are guaranteed to do as much work and as good work, in the hands of a competent workman, as can be had from a new machine."

Having held that the warranty in the contract of sale that this machine is "capable of doing as good work as can be done with a new machine" means also "as much work," we do not think the statement in the letter was different in effect from the warranty in the contract. Therefore the admission of the letter in evidence, while error, was not prejudicial to the substantial rights of the plaintiff, and therefore not reversible error.

Having arrived at the above conclusions, we recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.