### G. M. C. TRUCK CO. v. KELLEY.

No. 13836—Opinion Filed Dec. 16, 1924.

1. **Appeal and Error—Harmless Error—Excluded Cause of Action—Failure to Formally Withdraw Evidence.**

Where, after introduction of some of the evidence, plaintiff is required by the court to elect which of two causes of action he will prosecute, and no formal election is so made, but the cause is tried and submitted to the jury only upon one, the failure of the court specifically to withdraw from the jury any evidence theretofore introduced under the excluded cause, is harmless error in the absence of specific request for such formal withdrawal and an affirmative showing of prejudice resulting therefrom.

2. **Sales—Implied Warranty—Motor Truck.**

In the absence of contract which nega-

tives the same, there is an implied warranty in the sale of a motor truck that it is suitable to perform the ordinary work for which it was made.

3. **Same.**

That the article sold was definite and well-known furnishes no exception to said rule as applied to sale of machinery.

4. **Same—Dealer—Bound by Implied Warranty.**

That the vendor. was a regular dealer—not the manufacturer of such truck—furnishes no exception to the rules under syllabi two and three, supra, where the article is sold in the ordinary course of business.

5. **Same—Caveat Emptor—Defects Latent.**

The maxim of caveat emptor in such case does not apply if the defect in new machinery sold is latent. is not discoverable upon examination, and such defect results in breach of such implied warranty.

6. **Disposition of Cause.**

Record examined, and held. the evidence reasonably tends to support the breach of implied warranty sued upon and the damages thereon.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

P. M. Kelley had judgment against G. M. C. Truck Company in damages for breach of implied warranty in the sale of a motor truck. The latter appeals. Affirmed.

Rogers & Jones (Merwin Haven and A. C. Saunders, of counsel), for plaintiff in error.

Linn & Spradling and Harry G. Davis, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. Plaintiff, Kelley, bought a motor truck from defendant corporation for $2,950. As finally amended, plaintiff's petition contained two causes of action. In the first, it was alleged that, as a part of the purchase, defendant "Impliedly warranted that the truck was suitable to perform the ordinary work which said truck was made to do." Plaintiff also alleged wherein the truck failed to comply with such warranty; that said price was the reasonable market value of said truck if same had been as warranted: that the actual value of same at the time of the purchase was $1,000; that he had paid out certain sums as expenses in repairing the

truck. In the second cause of action, plaintiff alleged that defendant, in repairing the truck, willfully and negligently placed in the engine a crooked crankshaft, which caused delay and inconvenience in its use, and expenses, and the loss of $3,000 in profits. Defendant answered by general denial, specifically denying the implied warranty, and alleged that plaintiff knew and elected to purchase, and that the truck was sold under an express warranty of the manufacturer against defects in material and workmanship under normal use, to be made good by the manufacturer under certain regulations, and providing that such warranty was in lieu of all others, expressed or implied, and that the manufacturer neither assumed nor authorized any other person to assume for it any other liability in connection with the vehicle. Judgment was for plaintiff for $1,950, from which defendant appeals.

1. It will be noted that the first cause of action was on implied warranty, and the second sounded in tort. The first assignment is that the court erred in refusing, at the beginning of the trial, to sustain the motion of defendant to require plaintiff to elect on which cause of action he would proceed. The court stated the motion would be overruled "at this time." After considerable evidence had been introduced by plaintiff, the court, sua sponte, sustained the motion. Neither at the time nor later did the plaintiff formally elect. By instruction, the court limited the jury to $1,950, thus eliminating the claim of plaintiff for speculative and other damages, and limited plaintiff's recovery to damages under an implied warranty under the first cause of action. At no time did the defendant request the court otherwise to admonish the jury or require formal election of plaintiff. In First National Bank of Maysville et al. v. Alexander, 49 Okla. 418, 153 Pac. 646, the court said:

"In view of this ruling, had counsel desired a more specific withdrawal of the evidence, undoubtedly, upon request being made, the same would have been granted by the court."

We think plaintiff did, in fact, elect to prosecute only the first cause of action, and the instructions are consonant therewith. Counsel for defendant, in their brief, concede that the cause was submitted to the jury only under the theory of the first cause of action. It is not shown that defendant was prejudiced by any evidence introduced prior to the order requiring election. If there was error in refusing at the beginning of the trial to require such election, it was harmless.

2. Defendant's second proposition is that the petition failed to state facts sufficient to constitute a cause of action. The truck was purchased on an ordinary dealer's order, in writing and exhibited to the petition. Because the same did not contain any warranty, plaintiff contends there could be no implied warranty as sued upon. The rule in this state is that in the absence of contract which negatives the same, there is an implied warranty in the sale of machinery that it is suitable to perform the ordinary work for which it is made. Nettograph Mch. Co. v. Brown et al., 28 Okla. 436, 114 Pac. 1102; Standard Sewing Mch. Co. v. New State Shirt & Overall Mfg. Co., 42 Okla. 554, 141 Pac. 1111; Wallace v. L. D. Clark et al., 74 Okla. 208, 174 Pac. 557. This rule obtains, and such implied warranty does not contradict or conflict with an express general warranty in the sale of machinery. Fairbanks, Morse & Co. v. Miller et al., 80 Okla. 265, 195 Pac. 1083. In 23 R. C. L. 1402, it is laid down that the fact that a contract of sale is in writing does not necessarily exclude warranties implied by law.

3. It is next contended that there could be no implied warranty because the petition alleged a sale of a definite, well-known article. This works no exception to the foregoing rule. Seitz v. Brewer Refrigerator Mach. Co., 141 U. S. 510, 35 L. Ed. 837, is cited. That case is clearly distinguishable in that the implied warranty involved was that a refrigerator be reasonably fit to accomplish a certain result. In the instant case the implied warranty alleged was that the truck would perform the ordinary work for which it was made. The Seitz Case is, in fact, consonant with the rule herein, for Chief Justice Fuller therein says:

"The only implication in regard to it (refrigerator machine) was that it would perform the work the described machine was made to do, and it is not contended that there was any failure in such performance."

4. It is further contended that no cause of action is alleged because the petition shows that defendant was a dealer, and it is not alleged that he had knowledge of latent defects. The authorities make no distinction in applying the foregoing rules to such implied warranty to a sale of machinery, whether the sale be made by the manufacturer or by the dealer. Judge Sanborn,

in Davis Calyx Drill Co. v. Mallory et al., 137 Fed. 332, announces:

"But no implied warranty that a machine, tool, or article is suitable to accomplish a particular purpose or to do a specific work arises where the vendor orders of the manufacturer, or purchases of the dealer a specific described or definite machine, tool or article, although the vendor knows the purpose or work which the purchaser intends to accomplish with it, and assures him that it will effect it. Such an assurance is but the expression of an opinion, when it is followed by a written contract, complete in itself, which is silent upon the subject. The extent of the implied warranty in such case is that the machine, tool, or article shall correspond with the description or exemplar, and that it shall be suitable to perform the ordinary work which the described machine is made to do."

This would indicate that the implied warranty, that the truck was suitable to perform the ordinary work for which it was made, was binding on defendant, the dealer who sold the truck in the ordinary course of business, as well as it might have been upon the manufacturer. (Let it be remembered that there is no implied warranty of the dealer or manufacturer that this truck would do any specific work or accomplish a particular purpose.) In Sanford et al. v. National Drill & Manufacturing Co., 28 Okla. 441, 114 Pac. 734, and in the Standard Sewing Machine Co. Case, supra, this court quotes with approval the foregoing excerpt from the Sanborn opinion. See Davis Calyx Drill Co. v. Mallory et al., 137 Fed. 332, 69 C. C. A. 662, 69 L. R. A. 973, and Little v. G. E. Van Sycle & Co. (Mich.) 73 N. W. 550, to the effect that, in a proper case, the dealer as well as the manufacturer may be bound by such implied warranty. In Standard Sewing Machine Co. v. New State Shirt & Overall Mfg. Co., supra, it is laid down that the maxim of caveat emptor does not apply where the defect in the machine sold by its manufacturer while it is new upon the market is latent, is not discoverable upon examination, and renders the machine unsuitable to perform the ordinary work for which it was made. In the instant case, the defect, as shown by the evidence, was the absence of a ball and spring, being a part of the oiling device, and that it would have been necessary to remove a part of the timing gear in order to discover such absence. It is argued that plaintiff had a good opportunity as defendant to discover such latent defect. Holding, as we do, that the dealer is bound by the said rule of implied warranty in like manner as a manufacturer may be, the following from Standard Sewing Machine Co. Case, supra, quoted from Walrus Manufacturing Co. v. McMehem, 39 Okla. 667, 136 Pac. 772, is pertinent:

"The fundamental inquiry must always be whether, under the circumstances of the particular case, the buyer had the right to rely, and necessarily relied, on the judgment of the seller and not upon his own (Kellogg Bridge Co. v. Hamilton, 110 U. S. 108, 3 Sup. Ct. 537. 28 L. Ed. 86) in order to ascertain if there is an implied warranty."

Said case also quoted from Goldridge Mining Co. v. Talmadge, 44 Oregon, 34, 74 Pac. 325, 102 Am. St. Rep. 602, as follows:

"It would seem that the manufacturer is not liable for latent defects, unless he can be presumed to know of their existence. Hoe v. Sanborn, 21 N. Y. 552, 78 Am. Dec. 163."

We think the manufacturer of the truck in question would be presumed to know of said defect, and under the holding herein, this presumption obtained as to defendant dealer. Under the facts of this case the doctrine of caveat emptor does not apply. Plaintiff could have discovered said defective construction of internal mechanism only by dissembling the truck.

6. It is contended that the averments do not support, and that the evidence does not sustain the breach of such implied warranty. Plaintiff alleged that from the day of the purchase of said truck that it failed to comply with the said warranty, and set out in extenso the defects and difficulties in operating said truck, alleging that a small spring, together with a steel ball, had been omitted to be placed in the check valve as a part of the oiling system of the engine. This mechanism belonged within the housing encompassing the timing gear. While said truck seems to have been of standard type, plaintiff's evidence tends to make a strong case of defectiveness as to this individual truck. The evidence tends to show dire difficulties experienced by plaintiff from the first day of the use thereof, and resulting from the absence of said spring and ball. Defendant contends that there is no evidence to show that the spring and ball were absent when the truck was sold and delivered. Plaintiff drove the truck from Tulsa to Haskell, Okla., on the day it was purchased, a distance of some 40 miles. He testified that toward the end of the journey the bearings became loose, resulting in "knocking" in the motor. The mechanics and experts of defendant admitted that a few days thereafter, when they examined

the truck, the ball and spring were missing; that it was necessary for them to remove a part of the timing gear in order to discover such absence. Thereform the jury could have reasonably concluded that the ball and spring were absent when the truck was delivered. This was followed by considerable evidence tending to show that from such defective oiling system resulted constant trouble with the bearings. and other difficulties. To support its contention that the evidence does not support a breach of such implied warranty, defendant cites several cases from other juridictions which may or may not be in conflict with Oklahoma cases hereinabove cited. We may notice the case of Reynolds v. General Electric Co., 141 Fed. 551. There the contract was in writing, and embodied an express warranty of one of the qualities of the pump essential to its fitness for the general uses for which such pump was designed. The court held that the expressed warranty of one of its qualities of size. contained in the description, raised conclusive implication that other qualities requisite to its fitness for such general use were not warranted; that an express warranty of one of the qualities of an article excludes an implied warranty of other qualities of a similar nature; that the acceptance by the purchaser of property of a warranty of one quality raises a conclusive presumption that he did not desire, or could not secure, or the parties agreed that he should not have, the warranty of others of the same character. This opinion was in a case where the pump was ordered by mail for the other party from the manufacturer after the other party had selected same. In the case at bar, the truck company conducted an established business as a dealer, having the truck in controversy in stock, and sold same to plaintiff in the ordinary course of business. It is unnecessary to compare this case with the Fairbanks Case, supra. Plaintiff testified that the truck would have had a value of $2,950, at the time of the purchase, if the implied warranty had been complied with. The purchase price itself was competent evidence of the value of the truck if it had been as warranted. Gutenburg Machine Co. v. Husonian Pub. Co., 54 Okla. 369, 154 Pac. 346. There was some testimony that the value of the truck, immediately after its delivery to plaintiff in its defective condition, was only about $300. The court confined the latter value to $1,000 because plaintiff had admitted that value in his petition, thus reducing the possible recovery of plaintiff. There was, therefore, competent evidence as to the damage sustained by plaintiff by reason of the breach of the implied warranty. Under the well-known rule, such verdict cannot be disturbed in this behalf. Likewise defendant is thus concluded by the verdict on the other contentions made.

Let the judgment be affirmed.

By the Court: It is so ordered.

