**TRUDGEON et al., Ex'rs, v. PATTERSON.**

No. 19964. Opinion Filed May 19, 1931.

L. T. Cook and C. G. Moore, for plaintiffs in error.

Glasco & Glasco, for defendant in error.

CLARK, V. C. J. Plaintiffs in error were defendants below. Defendant in error was plaintiff below. For convenience, parties will be referred to as they appeared in the trial court. Plaintiff filed his petition in the district court of McClain county against the defendants in which he alleged that he went to defendants' lumber yard and ordered 450 sacks of bricklayers' cement; that plaintiff was erecting a building in the city of Purcell and his contract provided that mortar used in laying the brick should be made of brick-

layers' cement; that the defendants agreed to furnish plaintiff 450 sacks of bricklayers' cement; that defendants delivered to plaintiff material represented to be bricklayers' cement; that plaintiff used said material until the walls of the building were about 20 feet high, when it rained and said material washed out of the brick, and it was then discovered that the material was "raw mix" and not bricklayers' cement. Plaintiff further alleged that he was compelled to tear down said brick wall and to take out the "raw mix" and to reconstruct the same, and asked for damages in the sum of $2,008.

Defendants filed their answer, which answered by way of general denial and further answered that if plaintiff was damaged, the same was due to or contributed to by plaintiff's own negligence and want of care; that he failed to properly mix ingredients sold him for the purpose of making bricklayers' cement; that the ingredients sold the plaintiff by the defendants, if properly mixed, as plaintiff well knew, or should have known, would make a standard well-known and well-used bricklayers' cement; that the formula for making said bricklayers' cement required the mixing of "raw mix" and cement, but that the plaintiff negligently and carelessly failed to include in said mixture any cement whatsoever; and that the negligence and carelessness of the plaintiff in this respect was the direct and proximate cause of any and all damages that he may have sustained in the construction of said building.

Defendants admitted selling 166 sacks of cement belonging to plaintiff and stored in the warehouse of defendants and applying the proceeds of said sale to the account of plaintiff. Plaintiff filed his reply to the answer, which was a general denial of any new matter pleaded in the answer.

The cause was tried to a jury and resulted in a verdict in favor of plaintiff. Defendants filed a motion for new trial, which was overruled, and brought the case here for review.

The first assignment of error in defendants' brief is as follows:

"That the trial court erred in overruling the demurrer of plaintiffs in error to the evidence of the defendant in error, offered at the close of its introduction, as will more fully appear by reference to page 101 of the case-made."

The evidence discloses, on the part of plaintiff below, defendant in error, that he went to the defendants to buy bricklayers' cement; that defendants did not have the same, but stated to him that they would

order the same, together with the amount of cement. The material was ordered and delivered to plaintiff, which was used by plaintiff. It later developed that the same was not bricklayers' cement, but "raw mix," the same being about one-third shale and two-thirds ground rock.

The evidence further discloses that the price of "raw mix" would be about 28c per sack with 10c rebate for return sacks. The evidence further discloses that the defendants filed a bill with the city of Purcell which is as follows:

"A. D. Patterson, debtor, to Trudgeon Lumber Company, 450 sacks bricklayers' cent at 63c per sack $292.50. City power plant job."

We think this evidence on the part of plaintiff, when challenged by a demurrer, was sufficient to go to the jury, and the court did not err in overruling a demurrer of the defendants at close of the plaintiff's evidence.

The evidence on the part of the defendants was to the effect that plaintiff came in to order bricklayers' cement, and when informed that they did not have it, the defendants called the Portland Cement Company and ordered for plaintiff 450 sacks of "raw mix" and a number of sacks of cement and informed plaintiff that he could use the same as a mixture by mixing the "raw mix" with the cement and sand and make a bricklayers' cement; that said material was shipped; that plaintiff unloaded the same, accepted it, and there was no misrepresentation on the part of defendants as to the kind and character of material received by plaintiff.

The evidence further discloses, on the part of foreman for plaintiff, who was an experienced bricklayer, that a casual inspection of the "raw mix" did not disclose that it was not bricklayers' cement. He testified that the same worked well, was a little bit sticky, and upon examination he did not discover the difference. He testified that he could not tell "raw mix" from bricklayers' cement—that it worked very much the same; that the cards he saw on the sacks were labeled "bricklayers' cement." A good many of the sacks were labeled "raw mix"; that the material stuck up nicely and got hard and was hard until the rain struck it, which washed the mortar out and when it got wet it crumbled like dirt and came out.

Defendants contend that where there is no express warranty accompanying a description of personal property, and the buyer, after inspection and full opportunity to examine, accepts the property, he is estopped from afterwards claiming damages for failure to comply with the description.

We agree that this is the law, but it does not apply to the facts in the instant case. In the instant case an examination by an experienced bricklayer did not disclose the defect. According to the plaintiff's theory in the court below there was an express warranty that the article purported to be bricklayers' cement. Plaintiff wanted to buy of the defendants bricklayers' cement, and the defendants agreed to sell bricklayers' cement. This was an express agreement made by defendants to plaintiff that they would sell bricklayers' cement.

This court in the case of G. M. C. Truck Co. v. Kelley, 105 Okla. 84, 231 Pac. 882, held in the second paragraph of the syllabus:

"In the absence of contract which negatives the same, there is an implied warranty in the sale of a motor truck that it is suitable to perform the ordinary work for which it was made."

Also, see, Standard Sewing Machine Co. v. New State Shirt & Overall Mfg. Co., 42 Okla. 554, 141 Pac. 1111.

In the case of Frey v. Failes, 37 Okla. 297, 132 Pac. 342, in the first paragraph of the syllabus, this court said:

"In order to constitute an express warranty, no particular language is necessary. It is not required that it shall be in writing, or be made in specific terms; it is not at all necessary that the word 'warrant' or 'warranty' shall be used. Any direct and positive affirmation of a matter of fact, as distinguished from a mere matter of opinion or judgment, made by the seller during the sale negotiations and as a part of the contract, designed by him to induce the action of the purchaser, and actually relied upon by the latter in making the purchase, will be deemed to be a 'warranty'."

In the case at bar plaintiff sought to purchase from the defendants a well-known material, known as "bricklayers' cement." Defendants agreed to sell and furnish to plaintiff said material. This was an express agreement, and it is an implied warranty that that goods so furnished were suitable to perform the ordinary work for which they were intended.

Of course, this is disputed by the defendants, which presented to the jury a question of fact, which was decided against the defendants.

It is next contended that the trial court erred in admitting incompetent and improper evidence over the objections of the

defendants. A careful examination of the evidence admitted discloses that the same was not improper or incompetent under the facts in this case.

The next assignments of error deal with the instructions given by the court to the jury and instructions offered by defendants and refused by the court. A careful examination of the instructions discloses that the court fairly presented all the questions joined or at issue and the instructions were fair and presented the defendants' theory of the case to the jury. The case has been fairly and fully presented to the jury by the court's instructions to the jury, and there was no error in refusing requested instructions. Defendants contend that the court erred in several of the instructions to to the jury. A careful examination of the instructions discloses that this contention is without merit. The instructions, taken as a whole, fairly stated the law of the case to the jury, and presented all questions of fact to the jury for determination.

Finding no error, the judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. SWINDALL, J., absent.