# KOHN v. BALL.—254 S. W. (2d) 755.

Western Division at Jackson.    October 29, 1952.

Petition for Certiorari denied by Supreme Court, February 6, 1953.

282

Aaron Brown, of Paris, for plaintiff-in-error.

Van Dyke & Dunlap, of Paris, for defendant-in-error.

SWEPSTON, J.   Plaintiff, Ball, bought a new Buick automobile from defendant, Kohn, d. b. a. Paris Motor Company on July 19, 1950.   Kohn is the authorized Buick dealer.   He made no express warranty but simply placed in the pocket of the car the manufacturer's warranty. In a day or two the car when exposed to rain leaked around the doors and front, damaging the seats and floor coverings.   Upon complaint by plaintiff repeated efforts were made by defendant to correct the defect and defendant claims he succeeded; this is denied by plaintiff. This issue of fact was settled by the verdict of the jury in favor of plaintiff who has sued the dealer alone for damages for breach of warranty and has recovered a judgment for $450.

Kohn has appealed and assigned errors: (1) there is no evidence to support the verdict as to (a) liability or (b) .damages; (2) the pleadings and proof show any recovery was dependent solely upon the manufacturer's warranty and that plaintiff depended solely upon same

by taking up the matter directly with the manufacturer thereby electing to waive any rights against defendant; (3) there was no consideration to support defendant's promise to remedy the defect when same was called to his attention; (4) defendant is not an insurer of the manufacturer's product; (5) the verdict is excessive; (6) there is no implied warranty on the sale of an article under its patented or trade name.

On the other hand, plaintiff relies upon Code Section 7208, subsection (5) and apparently on subsection (1), quoted below; also upon an alleged guarantee of defendant that the defect would be remedied.

We think the determinative question is whether there was an implied warranty and, if so, what is embraced within its coverage.

For clarity we set out the statute Code 7208:

"Implied warranties of quality.—

"Subject to the provisions of this article and of any statute in that behalf, there is no implied warranty of condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows:

"(1) When the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be fit for such purpose.

"(2) Where the goods are bought by description from a seller who deals in goods of that description (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be of merchantable quality.

"(3) If the buyer has examined the goods, there is no implied warranty as regards defects which such examination ought to have revealed.

"(4) In the case of a contract to sell or a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose.

"(5) An implied warranty or condition as to quality or fitness for a particular purpose may be annexed by the usage of trade.

"(6) An express warranty or condition does not negative a warranty or condition implied under his article, unless inconsistent therewith."

Plaintiff sought to prove a custom among dealers in Henry County of warranting the material and workmanship, but we do not think this is established so as to have been a part of the contract. The witness Walker, who formerly worked for Kohn and assisted in the sale of the car, testified that he had been aware of the custom for four years, but there was no evidence that plaintiff knew of it or could be charged with knowledge.

The custom must appear to have been actually known by both parties, or to be of such notoriety by reason of its duration and dissemination as to charge both parties with knowledge and justify the inference that they contracted with same in mind. Grissom v. Commercial Nat. Bank, 87 Tenn. 350, 354, 10 S. W. 774, 3 L. R. A. 273.

There is therefore no evidence to support a verdict based on custom or usage of trade under subsection (5).

Whether or not plaintiff can rely on subsection (1), the warranty of fitness for a particular purpose, seems doubtful for two reasons. First, a purchase of a car for

"business and pleasure" even if known to the seller would seem to be a general purpose—transportation of persons and generally things. On the other hand a car bought for the purpose of driving 100 miles per hour, or to pull a two ton trailer etc. would seem to indicate a particular purpose. The cases seem to be in conflict as to what is a particular purpose but it hardly makes sense to call a general purpose a particular purpose or vice versa. 77 C. J. S., Sales, Sec. 330e (1) page 1198; 46 Am. Jur. 530, sec. 346.

Second, this was a sale of an article under its trade name, in which it is generally held that section (1) does not apply—that there is in such case no warranty of fitness for a particular purpose.

In any event, however, as stated and applied in Cantrell v. Burnett & Henderson Co., 187 Tenn. 552, 554, 216 S. W. (2d) 307, a warranty as to the condition of the car when sold is imposed upon the dealer by Code Section 7208.

We take this to refer to subsection (2), supra, referring to condition or merchantable quality, whereas subsection (1) refers to fitness for the particular purpose known to the seller.

The term sale by description strictly means an executory sale where the article is not present, but the term has been broadened to include all sales, whether or not the goods are present, where there is no adequate opportunity for inspection. 21 A. L. R. 373; 168 A. L. R. 391, 414.

Hence, we think this sale falls under subsection (2) and gives an implied warranty of condition or merchantable quality.

This being true, subsection (4) has no application to such a warranty but applies only to eliminate the warranty for a particular purpose.

■ "The fact that a sale is of a known, described and definite article, or of a specific article by its patent or trade name, does not, according to most of the cases, preclude an implied warranty of merchantability or fitness for a purpose for which such article is ordinarily or generally sold. On the contrary, it is held in most of the cases that there is such a warranty in such a case". 46 Am. Jur. 537, sec. 351; see also sec. 344. See also, G. M. C. Truck Co. v. Kelley, 105 Okl. 84, 231 P. 882; 168 A. L. R. 405, for application of rule to sale of new motor vehicle.

■ Defendant insists further that there was no implied warranty because the express warranty of the manufacturer excluded the implied warranty of the dealer. We cannot consider this question, because the express warranty is not contained in the bill of exceptions. In any event under subsection (6) this would not be sound unless the two were inconsistent.

■ The insistence of defendant of waiver of any warranty by reason of plaintiff's action in taking up the complaint directly with the manufacturer was settled adversely to defendant by the verdict of the jury.

■ We conclude therefore that there was evidence to support the verdict as to liability.

The remaining two questions relating to damages are (1) there was no evidence of same and (2) the verdict is excessive.

The measure of damages is the difference between the value of the goods at the time of delivery and the value

they would have had if they had answered to the warranty. Code Section 7262(7).

■ The assignment is based on the fact that the witness did not literally state the market value but only stated that the difference in value was from $400 to $500.

This is equivalent to stating the two values and subtracting one from the other. Counsel could then test the witness' knowledge of values by cross-examination. We think the testimony was a sufficient compliance with the formula for proving damages.

■ As to the amount of the verdict, the case was tried twice. At first the verdict was $700, the court suggested a remittitur of $350 which was rejected by plaintiff and a new trial granted. At the second, the verdict was $600, the court suggested a remittitur of $150, same was accepted by plaintiff and defendant appealed.

In addition to the evidence stated above, plaintiff admitted that defendant offered to trade plaintiff a new car for a difference of $342 which was declined.

We think the excessiveness of the verdict was cured by the remittitur.

All the assignments are overruled and judgment will be entered here for $450 with interest from April 4, 1952 and costs of appeal.

Anderson, P. J., and Baptist, J., concur.